# MAY, 1922

BURRELL ENGINEERING & CONSTRUCTION COMPANY v. FRED GRISIER.

No. 3055.   Decided May 3, 1922.

(240 S. W., 899.)

1.—Negligence—Sufficiency of Evidence.

The evidence herein considered is *held* not to present such absence of proof of negligence as to warrant the Supreme Court in finding error in the judgment of the Court of Civil Appeals that it supported the finding of its existence. Case of the employee of a construction company injured by fall of an elevator used in erecting a building. (P. 481).

2.—Damages—Excessive Judgment—Powers of Supreme Court.

The finding of the Court of Civil Appeals that the evidence was sufficient to support, in amount, the recovery awarded is final, that being a question of fact which the Supreme Court cannot review. (P. 481).

3.—Evidence—Hearsay—Notice—Instructions Governing Effect.

Testimony that an employee, not identified, requested of defendant's superintendent permission to repair the hoisting elevator by the fall of which plaintiff, an employee, was injured, and that the superintendent replied: "No, we are going to make it do until we get through with this job before we do anything with it, if we can," was admitted over the objection that it was hearsay. *Held* that, the superintendent being the general agent

of defendant, the constructing company, the request and reply were evidence of notice to defendant that the elevator needed repair. Being admissible for this purpose, if the reply was inadmissible as evidence that the elevator was defective, such objection was not available in the absence of a request for a charge limiting its effect to notice. (Pp. 481, 482).

#### 4.—Evidence—Personal Injuries—Dependent Family.

Testimony by plaintiff, suing for personal injuries, that he had a wife and two babies, and remarks of plaintiff's counsel on its exclusion, were properly held by the Court of Civil Appeals not ground for reversal as probably causing the rendition of an improper verdict, under Rule 62a,—the verdict being held not excessive, and justice apparently obtained. (Pp. 482, 483).

Error to the Court of Civil Appeals for the Second District, in an appeal from Wichita County.

Grisier sued the Burrell Eng. & Const. Co. for personal injuries received while in its employment. He recovered judgment from which the defendant company prosecuted writ of error to the Court of Civil Appeals, and on Affirmance obtained writ of error from the Supreme Court.

*Huff, Martin & Bullington,* for plaintiff in error.

Where, in a suit for damages for personal injuries, alleged to be permanent, counsel for plaintiff asks him whether or not he is a man of a family and before defendant's counsel can object, plaintiff answers, "Yes, sir, I have a wife and two babies," and an objection to the question and answer is then sustained by the Court, immediately after which plaintiff's counsel deliberately proceeds to argue to the Court in the presence and hearing of the jury that the testimony is admissible and not prejudicial and that the jury has the right to know whether or not a man is married, it is such misconduct on the part of plaintiff and his counsel as to require a reversal of the case. M. K. & T. Ry. Co. of Texas v. Thomas, 132 S. W., 974; M. K. & T. Ry. Co. of Texas v. Hannig, 43 S. W., 508; Fort Worth Iron Works v. Stokes, 76 S. W., 231; Dallas Consolidated St. Ry. Co. v. Summers, 106 S. W., 891.

Where a servant sues his master for personal injuries sustained, alleged to be due to the negligence of the master, the burden is on him to prove negligence as alleged proximately causing the injury complained of, and in the absence of proof of causal connection between the alleged negligent act and the injury, there can be no recovery. Texas & Pacific Ry. Co. v. Shoemaker, 98 Texas, 451; Bock v. Fellman Dry Goods Co. 173 S. W., 582; Stone & Webster Engineering Corp. v. Brewer, 161 S. W., 38.

In an action for personal injuries alleged to have been received by plaintiff on account of a defect in the brake of a hoisting engine, evidence that the witness heard one of defendant's employees tell one of its superintendents that the engine was in bad shape and that he

wanted to work on it and that the superintendent refused to allow the employee to work on the engine and told him to make it go until the job was finished if possible, was hearsay and inadmissible. St. Louis, I. M. & S. Ry. Co. v. Carlisle, 78 S. W., 553; Texas, & Pacific Ry. Co. v. Cauble, 168 S. W., 369; Quanah, Acme & Pac. Ry. Co. v. Galloway, 140 S. W., 368.

*W. F.* and *Harvey C. Weeks,* for defendant in error.

It is not such error as will require a reversal of the case, when, in a suit for personal injury, plaintiff testifies that he is married and has two children, and his counsel argues briefly, in the hearing and presence of the jury, as to admissibility of such testimony, when the testimony is excluded and the attorney for the defendant does not request the court to instruct the jury not to consider such testimony and argument, and where the defendant's liability was plain, the amount recovered reasonable, and it does not appear that defendant was prejudiced thereby; and where it does appear that, on another trial, plaintiff would probably recover a similar amount.. Court of Civil Appeals Rule 62a; Fuller v. El Paso Live Stock Commission Co. 174 S. W., 930; Wells Fargo Express Co. v. Benjamin, 165 S. W. 120; T. & B. V. Ry. Co. v. Geary, 169 S. W., 201; Smith v. Caswell, 4 S. W., 848.

Where there is any evidence of probative force that the negligence of a master proximately caused the injury to the servant complained of, the question of proximate cause should be submitted to a jury; and their finding on this point, based on such evidence should not be disturbed; and it is not error in such a case for the court to refuse a requested peremptory instruction based on the theory that the causal connection between the negligence complained of and the injury was not shown. M. K. & T. Ry. Co. v. Williams, 125 S. W., 881; Joske v. Irvine, 44 S. W., 1059; Mexican National Ry. Co. v. Mussette, 26 S. W., 1075; G. H. & S. A. Ry. Co. v. Sweeney, 36 S. W., 801.

In the trial of a suit for damages for personal injuries resulting to a servant from the use of defective machinery furnished by the master, it is proper to permit one servant of the defendant to testify that he heard another servant of defendant, a few days before the accident, tell the superintendent that the machinery, alleged by plaintiff to be defective, was in bad shape and ask permission to work on it, and that the superintendent replied: "No, we are going to make it go until we get through this job before we do anything with it, if we can," for the purpose of bringing home to defendant knowledge of the defective condition of the machinery. City of Austin v. Nuchols, 94 S. W., 336; M. K. & T. Ry. Co. v. Pettit, 117

S. W., 894; Railway Co. v. Watkins, 100 S. W., 162; Railway Co. v. Eichel and Weikel, 130 S. W., 922.

It will not be seriously argued, we think, that we could not prove the statement of Jones, the superintendent of the "whole works" as showing knowledge on his part of the defective condition of the engine. This being true, the question is admissable to explain the answer. Without the question the answer was unintelligible. It would be to take away with one hand what was given with the other to permit one and exclude the other. In the absence of a request for an instruction to the jury limiting the effect of such testimony to the purpose alone for which it was admissible, appellant cannot complain that the jury may have considered it as proof that the engine was in an unsafe condition.

Mr. CHIEF JUSTICE CURETON delivered the opinion of the court.

The plaintiff in error, as a contractor, was constructing a building for the Wichita Falls Mill & Elevator Company in September, 1914. An elevator was constructed at the side of the building, for the purpose of hoisting material used in the construction. The car upon which the material was lifted was raised and lowered by means of a cable, the movement of which was controlled by an engine. The cable wound around a drum, and the engineer, by means of a lever operated by his foot, controlled the speed of the drum, and, consequently, that of the elevator. Defendant in error was employed by the Construction Company as a ground foreman, in charge of other employees, who prepared and mixed the material for making the concrete used in the construction of the building. When the concrete was ready for use, it was placed in a vehicle used for the purpose, rolled upon the elevator, and hoisted to the men who were pouring it in the molds. Defendant in error, in the course of the performance of his duties, went to the top of the building upon the elevator on one of the trips when it was carrying concrete, and, after attending to the business for which he was called, started down upon the elevator, when it fell with him a distance of some thirty or forty feet, resulting in his injuries. He instituted suit against the Company, a trial was had before a jury on special issues, and a judgment entered in his favor for $3,000. The case was appealed by writ of error to the Court of Civil Appeals, where the judgment of the trial court was affirmed. 189 S. W., 102. The case is before this Court on writ of error.

In answer to special issues, the jury found that plaintiff in error did not exercise ordinary care to furnish defendant in error a reasonably safe place to work, or a reasonably safe means to get to and from the different places where his duties called him; that it did not use ordinary care to keep the elevator and hoisting engine in a reasonably safe state of repair; and that plaintiff in error's negligence so found was the proximate cause of defendant in error's in-

juries. The jury exonerated defendant in error from contributory negligence.

It is insisted that the evidence wholly fails to show any negligence proximately causing the injury to plaintiff. We cannot agree with this contention. The evidence not only raised the issue of negligence which proximately caused the plaintiff's injury, but the evidence of the negligence is undisputed, ample, and sufficient, and so clearly related to the accident as to not admit of any doubt as to the cause of the fall of the elevator. In view of the statement of the evidence in the opinion of the Court of Civil Appeals, it is unnecessary for us to make any resume of the testimony on this issue.

Error is assigned to the effect that the judgment for $3,000 in this case is excessive. The undisputed evidence in the record shows that defendant in error was painfully and seriously injured, and that certainly some of his injuries were of a permanent nature. The amount to which defendant in error was entitled was clearly a question of fact. It is not our province to set aside the verdict of a jury where the evidence clearly presents an issue. The Court of Civil Appeals held that the evidence was sufficient to sustain the verdict, and its decision is final.

W. D. Pierson, a witness for defendant in error, testified that about a week before the accident he heard one of the employees of plaintiff in error, who he thought was the engineer, request permission of Leo Jones, plaintiff in error's superintendent in charge of the work, to repair the engine,—which he told Jones at the time was in bad shape, and to which Jones replied: "No, we are going to make it go until we get through this job before we do anything with it, if we can."

Objection was interposed by counsel for plaintiff in error, to the effect that the testimony was, in the first place, hearsay, and, in the second place, that it was coming from an absolutely unknown source, the witness not undertaking to tell how it was, who it was, or what the man was doing, or even with any degree of certainty who made this remark; that plaintiff in error had no opportunity whatever for contradicting such testimony, could not cross examine the witness who made the remark; that counsel were left in the dark as to who he was, and whether the evidence was true or untrue. The objections were overruled, and exception reserved.

The only proposition submitted under the assignment based upon the admission of this testimony is to the effect that the objectionable evidence was hearsay. The record shows that Leo Jones was the superintendent of plaintiff in error, in charge of the entire construction work in progress at the time of the injury. The language of defendant in error in describing the duties of Leo Jones, the superintendent, is: "He was superintendent of the whole works." This statement is a sufficiently definite statement of the duties and au-

111 Tex.—31

·thority of Leo Jones.   The word "superintendent" means:   to have charge and direction of; to direct the course and oversee the details; to regulate with authority; to manage; to have or exercise the charge and oversight of; to oversee with the power of direction; to take care of with authority; to oversee; to overlook.   37 Cyc. p. 593; Words and Phrases (Second Series) Vol. 4, pp. 792-793; Pope's Legal Definitions, Vol. 2, p. 1550.

In so far as this immediate question is concerned, Leo Jones, the superintendent, was the general agent of his corporate employer, the plaintiff in error.   Notice to him, in the line of his duty at the time and under the circumstances, was notice to the plaintiff in error. The evidence was clearly not hearsay as to plaintiff in error for the purpose of notice; it was a statement to plaintiff in error's superintendent concerning the work then being done, sufficient within itself to put plaintiff in error upon inquiry as to the condition of the engine; which, as other evidence shows, had it been pursued, would have disclosed the defective condition of the hoisting machinery which resulted in defendant in error's injury.   In other words, the conversation detailed by the witness was admissible to show knowledge on the part of plaintiff in error of the defective condition of its machinery, and relates, therefore, to the issue of plaintiff in error's negligence.   The statement of the engineer to Jones, the superintendent, might not have been admissible to prove the defective condition of the engine, but it was admissible to show notice to plaintiff in error, and to explain the declaration of the superintendent.   The Court of Civil Appeals correctly held that, in the absence of a request for an instruction to the jury limiting the effect of the testimony, plaintiff in error cannot complain of its unqualified admission by the court.

While defendant in error was on the witness-stand, he was asked by his counsel whether or not he was a man of family; to which he answered that he had a wife and two babies.   After the question had been asked and answered, counsel for plaintiff in error objected, on the ground that it was irrelevant and immaterial.   The objection was sustained by the court, after which counsel for defendant in error made the following statement:   "I think the jury has a right to know whether or not a man is married.   It is not prejudicial—that could not injure anybody.   I never heard of a case being reversed on an error like that, because a man testified that he was a married man, in any kind of a suit."   Exception was reserved to this statement of counsel, as well as to the testimony given in the presence and hearing of the jury by plaintiff that he had a wife and two babies.

It is to be noted that the court sustained the objection to the testimony when the objection was made; that no special charge was tendered the court excluding from the jury the remarks made by counsel, or directing the jury to disregard the testimony to which the

objection was sustained. It is true the courts of this State have held that testimony of this character is inadmissible, and in some cases prejudicial to such an extent as to constitute reversible error. But in view of Rule 62a, the mere admission of the evidence in a particular case does not, of itself, constitute reversible error. Something more must appear.

In the case of Weatherford, M. W. & N. W. Ry. Co. v. Thomas, 175 S. W., 822, 826, error was assigned to the action of the court in permitting the plaintiff in his own behalf, over objection of defendant, to testify that he was a married man and had one child. The evidence was objected to because irrelevant and immaterial. The Court of Civil Appeals, after adverting to the fact that this character of testimony had been held to constitute reversible error, referred to Rule 62a governing Courts of Civil Appeals, which in part provides that no judgment shall be reversed on appeal in any case on the ground that the trial court committed an error of law, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial of the rights of appellant as was reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. In the case referred to, the Court of Civil Appeals, being guided by this rule, concluded that the error in admitting the testimony referred to ought not to require a reversal of the judgment; that its prejudicial tendency was only to enhance the amount of the recovery, and since there was nothing in the record otherwise indicating a probability that the sympathies of the jury were in any manner improperly aroused, and since the verdict of the jury was not excessive, the assignment should be, and was, overruled; that in view of the fact that the verdict was not excessive, the court could not conclude that the mere circumstance that plaintiff was a married man with one child had any influence with the jury, either to cause them to find for plaintiff when they otherwise would not, or to inflate the size of the recovery. In this case writ of error was denied by the Supreme Court.

In the instant case the Court of Civil Appeals has held that the verdict of $3,000 was not excessive. In view of the complaint made as to the admission of the testimony of defendant in error that he was a man of family, having a wife and two children, we have carefully examined the evidence as to the extent of his injuries, and we have concluded that in arriving at the verdict the jury were not probably influenced by the testimony objected to or the action of counsel with reference thereto. There is nothing in the record to indicate that the jury was affected by sympathy for defendant in error, or by any influence except the evidence actually admitted. We are of the opinion that the error complained of did not amount to such a denial of the rights of plaintiff in error as was reasonably calculated to cause, and probably did cause, the rendition of an im-

proper verdict and judgment in this case. The justice of this case as disclosed by the record has been attained.

There is no merit in any of the assignments of error, and they are all overruled.

The judgment is affirmed.

*Affirmed.* ᐧ