# APRIL, 1923

---

MRS. W. C. GOLDEN v. J. E. ODIORNE.

No. 3352.    Decided April 14, 1923.

(249 S. W., 822.)

**1.—Harmless Error—Showing Prejudice to Appellant—Rules of Court—Rulings on Demurrer.**

Under Rule 62a, for Courts of Civil Appeals, where a trial court commits an error of law in overruling a general demurrer to plaintiff's petition the judgment should be reversed; but where its error is in overruling a special exception, the petition being good as against a general demurrer, but upon the trial plaintiff appears entitled to recover on the merits, and the defendant does not show that he was surprised or otherwise injured by the improper overruling of the special demurrer, the judgment should be affirmed. When given this application, Rule 62a is constitutional. (pp. 547-551.

**2.—Rules of Procedure—Power of Supreme Court.**

The power given the Supreme Court to make rules of procedure (Const. art. 5, sec. 25; Rev. Stats., art. 1524) is subordinate to that of the Legislature to regulate matters of procedure in the courts; and in construing rules promulgated by the Supreme Court this limitation upon its power must be taken into consideration. This principle applied to the statutes regulating pleading. (p. 547).

**3.—Harmless Error—Rule 62a.**

Under the doctrine of harmless error our courts have always declined to disturb a judgment for error where it appeared that no injury resulted to the complaining party. Rule 62a merely enlarged this doctrine so as to cast upon the complaining party the burden of showing at least that the error probably resulted to his prejudice. It does not require him to demonstrate that but for the error a different judgment would have resulted. (p. 548). ·

**4.—Cases Discussed.**

Weisner v. Missouri, K. & T. Ry. Co., 207 S. W., 904; Lancaster v. Fitch, 112 Texas, 293; Peden Iron & Steel Co. v. Jaimes, 208 S. W., 898; Burrell Eng. &Const. Co. v. Grisier, 111 Texas, 477; Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347, discussed. (pp. 548-549).

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from San Saba County.

The Supreme Court referred the questions to the Commission of Appeals, Section B, for their opinion, and here adopt same as its answer.

*N. C. Walker,* for appellant.

Rule 62a of this court, in so far as it conflicts with, modifies, or its application abbrogates or tends to nullify Article 1819, Vernon's Sayles' Texas Civil Statutes 1914, is inoperative and unconstitutional. Art. 5, Sec. 25, Texas Constitution; M. K. & T. Ry. of Texas v. Beasley, 106 Texas, 160, 155 S. W., 183; Craver v. Greer, 107 Texas, 356, 179 S. W., 862; International & G. N. Ry. Co. v. Parke, 169 S. W., 400; Conn v. Rosamond, 161 S. W., 76; International & G. N. Ry. Co. v. Bartek, 177 S. W., 144; J. M. Guffey Petroleum Co. v. Dinwiddie, 168 S. W., 442; Johnson v. State, 49 Texas, Cr., 429, 93 S. W., 735.

A verdict of a jury cannot supply the failure of a petition to state a cause of action. DeWitt v. Miller, 9 Texas, 245; Stansbury v. Nichols, 30 Texas, 150; Grant v. Whittlesey, 42 Texas, 321; Schuster v. Frendenthal & Co., 74 Texas, 54; Wooten v. Bitulithic Co., 196 S. W., 601.

Facts not alleged, though proven, can not constitute the basis of an adjudication. Cooper v. Loughlin, 75 Texas, 524; Hall v. Jackson, 3 Texas, 305; Denison v. League, 16 Texas, 408; Mann v. Falcon, 25 Texas, 276; Western Union Tel., Co., v. Smith, 88 Texas, 13; Padgitt Bros. Co., v. Dorsey, 194 S. W., 1127; Kinney v. Tri-State Tel. Co., 201 S. W., 1183; Medley v. Lamb, 223 S. W., 1049; McConnell v. Payne & Winfrey, 229 S. W., 355.

*Walters & Baker,* for appellee.

Appellant is bound by the verdict and the judgment of the trial court—there being nothing in the records to show any injustice to her rights. The very issues that she complains of, in her special exceptions, were denied in her answer, and those issues joined, and evidently were proven in favor of the plaintiff, as shown by the special issues submitted; and these very same issues were prepared and submitted to the Jury, through the Court, by the Defendant, and the verdict and judgment, under these circumstances, cures any defects complained of in her special exceptions to the plaintiff's pleadings.

MR. PRESIDING JUDGE McCLENDON delivered the opinion of the Commission of Appeals, Section B.

This case is presented upon the following certificate from the Court of Civil Appeals:

"Appellee brought suit against appellant to recover of appellant $260.77, and for cause of action alleged that appellant employed him to purchase notes for her; that in the course of his dealings un-

der such employment he purchased for her certain notes, and 'that at the time of such purchase the price paid for same was $260.77 more than her funds amounted to, in the hands of plaintiff, and said excess was supplied by plaintiff for defendant at that time in order to handle said notes, as an accommodation for defendant.'

"Appellant demurred, generally and specifically, that it was not alleged in plaintiff's petition that defendant authorized him to purchase notes in excess of her funds in his hands, nor that she had promised to pay plaintiff said sum of $260.77, or that she had ever been obligated to pay plaintiff said sum.

"In addition to the defects pointed out by appellant's demurrer, the petition did not allege that appellant had accepted said notes, or claimed them, or had in any way ratified the purchase of same.

'The court overruled both the general and special exceptions. In this we hold the court committed error.

"The case was submitted to a jury upon special issues, in response to which the jury found that appellant promised to pay appellee the difference between the notes and the cash belonging to her invested in same; that appellee used $260.77 of his own money in the purchase of said notes, and that appellant appropriated the notes to her own use and claims the same. Judgment was rendered for appellee.

"There is no statement of facts or bill of exception in the record; for which reason we presume, in support of the judgment, that there was no objection to the testimony offered on the trial of the cause, and that the evidence sustains the findings of the jury.

"Rule 62a is as follows:

" 'No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of opinion that the error complained of amounted to such a denial of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the case to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error. Provided, if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred.'

"The question which we certify to your Honorable Court is:

"Where a trial court commits an error of law in overruling demurrers, either general or special, and when the ruling upon the general demurrer constitutes fundamental error, as in this case, but upon the trial the judgment rendered is such as the plaintiff was entitled to recover upon the merits of the case, should the judgment be affirmed by the Court of Civil Appeals under authority of Rule 62a?

"A member of this court, in (International & G. N.) Ry. Co. v. Bartek, 177 S. W., 143, having questioned the constitutionality of that portion of Rule 62a which might apply to this case, we respectfully request the court to pass upon that question as well as upon the application of the rule under the facts herein stated."

By the constitution of 1876 the Supreme Court was given power "to make rules and regulations for the government of said court, and the other courts of the State, to regulate proceedings and expedite the dispatch of business therein." (Art. 5, Sec. 25.)

This section was amended in 1891 so as to read:

"The Supreme Court shall have power to make and establish rules of procedure not inconsistent with the laws of the State for the government of said court and the other courts of this State to expedite the dispatch of business therein."

In 1892 the legislature enacted a statute in substantially the same language as this amended article of the constitution. (R. S. 1524.)

The power thus granted to the Supreme Court is expressly made subordinate to the power of the Legislature to regulate matters of practice and procedure in the courts; and in construing rules promulgated by the Supreme Court this limitation upon its power must be taken into consideration.

In construing Rule 24 of the Court of Civil Appeals the Supreme Court, in Missouri, K. T. Ry. Co. v. Beasley, 106 Texas, 170, 155 S. W., 187, say:

"The language of the rule is not quite clear, but the Supreme Court cannot by rule set aside a statute; therefore Rule 24 must be construed so as to harmonize with the articles of the Revised Statutes, copied herein, and with the former decisions of this court."

Rule 62a was promulgated October 30, 1912, and became effective November 15, 1912. 149 S. W. 6. Prior to its promulgation it was the general rule established by a long line of decisions in this state that any error of law committed in the trial of a cause was presumed to be prejudicial and required a reversal unless it could be said from a consideration of the entire record that injury to the complaining party did not result. 1 Mitchie's Digest, p. 768.

The evident purpose or Rule 62a was to prevent the reversal of trial court judgments for technical and unsubstantial errors, and to cast the burden of showing prejudice upon the party complaining of the

erroneous ruling; so far, at least, as it was within his power to do so. We find nothing in the language of the rule which even intimates that the statutes governing practice and procedure were intended to any degree to be abrogated. On the contrary the rule seems to have been carefully drawn so as to preserve every substantial right of a litigant and to require. a reversal where the error complained of "was reasonably calculated to cause and did probably cause the rendition of an improper judgment in the case."

Under the doctrine of harmless error our courts have always declined to disturb a ruling or judgment of the trial court, although palpably erroneous, where it appeared that no injury resulted to the complaining party. Rule 62a merely enlarged this doctrine so as to cast upon the complaining party the burden of showing at least that the error probably resulted to his prejudice. It was not the purpose of the rule, we think, to require the complaining party to demonstrate that, but for the erroneous ruling, a different judgment would have resulted. Such interpretation would in many cases operate as the denial of a substantial right.

The various Courts of Civil Appeals have applied the rule in a large number of cases (see S. W. Rep. Digests, Vols. 12 to 17 under Appeal and Error, Sec. 1170) ; but rarely has the rule been referred to by the Supreme Court.

In Wiesner v. Missouri, K. & T. Ry. Co., 207 S. W., 904, this section of the Commission held that an erroneous instruction on contributory negligence, where the issue was not raised by the pleadings or evidence, constituted prejudicial error requiring a reversal of the case. The Commission, speaking through Presiding Judge Montgomery, say:

"We do not think the rule (62a) was intended to deprive the Supreme Court of the power to determine for itself whether any erroneous action of the trial court was of such character as amounted to such a denial of the rights of the plaintiffs as was reasonably calculated to cause and probably did cause the rendition of an improper judgment."

This holding was cited with approval in the recent case of Lancaster v. Fitch, 112 Texas, 293, 246 S. W., 1015, (opinion by Justice Pierson) wherein it was held that where two or more independent grounds of recovery were submitted in the alternative in a general charge, the error in submitting one of the grounds, upon which the evidence was insufficient, was not harmless under Rule 62a.

In those cases it is manifest that the complaining party was not in position to demonstrate that the verdict was not based upon the erroneous charge; and to have held the error harmless would in effect have been a denial of his right to have his case tried under properly submitted rules of law.

Substantially to the same effect is Peden Iron & Steel Co. v. Jaimes, 208 S. W., 898. (Opinion by Judge Sadler.)

Burrell Co. v. Grisier, 111 Texas, 477, 240 S. W., 899, appears to be the only case in which the Supreme Court has based its refusal to reverse a case upon Rule 62a. In that case improper evidence of plaintiff was objected to and excluded after it was submitted; whereupon counsel for plaintiff remarked that the evidence was not prejudicial and that he had never heard of a case being reversed on an error like that. Exception was taken to this remark but no charge directing the jury not to consider it was requested. The only injurious effect of the improper evidence was its tendency to excite sympathy for plaintiff and enhance the amount of his recovery. The Court of Civil Appeals had held that the verdict was not excessive. The Supreme Court examined the entire record and, in an opinion by Chief Justice Cureton, concluded that:

"There is nothing in the record to indicate that the jury was affected by sympathy for defendant in error, or by any influence except the evidence actually admitted. We are of opinion that the error complained of *did not amount to such a denial of the rights of plaintiff in error as was reasonably calculated to cause, and probably did cause, the rendition of an improper verdict.*" (Italics ours.)

The admission of evidence of a similar character to that concerning which the objectionable remarks of counsel in the Grisier case were made was held, in Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 347, 43 S. W., 508, to constitute reversible error, under the holding that:

"The true rule is, that in such a case, in order to hold that the error does not require a reversal of the judgment *it ought clearly to appear that no injury could have resulted from the admission of the evidence.* Since it does not so appear with reference to the testimony in question, the judgment must be set aside and a new trial awarded." (Italics ours.)

In whatever respects these two cases may otherwise differ, it is clear that the rule applied in the quotation from the Hannig case was not applied in the Grisier case, and that Rule 62a is made the basis of this change in ruling.

We do not think that Rule 62a has any application to the action of the trial court in erroneously overruling a general demurrer to plaintiff's petition. Under our statutes regulating pleading and practice in the district and county courts all suits are commenced by petition (R. S. 1812), pleadings are by petition and answer (R. S. 1917) and must be in writing signed by the party or his attorney and filed with the clerk (R. S. 1818); the plaintiff's petition must, among other things, contain "a full and clear statement of his cause of action," (R. S. 1827); and the judgment must conform "to the

pleadings, the nature of the case proved, and the verdict." (R. S. 1994).

Rule 18 for District and County Courts, provides that:

"General exceptions shall point out the particular instrument in the pleadings, to-wit: the original petition or answer, or the respective supplements to either; and in passing upon such general exception every reasonable intendment arising upon the pleading excepted to shall be indulged in favor of its sufficiency."

A petition is only subject to a general exception or demurrer when, after every construction favorable to its sufficiency is indulged, it either fails to allege some element essential to a cause of action, or affirmatively negatives plaintiff's right to a recovery. When such is the case plaintiff has failed to comply with the statutes above referred to. He has not filed a written pleading which contains a statement of a cause of action, and no judgment could be rendered in his favor which would conform to such pleading. The error in overruling a general exception to such petition is fundamental and is therefore essentially prejudicial. The error necessarily amounts to such a denial of the rights of defendant as actually to cause the rendition of an improper judgment, since no proper judgment could be rendered against defendant which would conform to the plaintiff's pleadings. The error is not of the character of those which Rule 62a provides shall not require a reversal of the case.

Where, however, a petition states a cause of action good as against a general demurrer, a different rule applies. The office of a special exception is to require the plaintiff to state more fully, clearly, or specifically the facts on which he relies in order that the defendant may prepare his evidence and guard against surprise. The improper overruling of a special exception may or may not result prejudicially; and we think the burden of showing prejudice is cast by Rule 62a upon the appellant. If there is no objection to improper evidence and no showing that defendant was surprised or prevented from presenting his evidence or otherwise injured by the improper ruling we think the requirements of Rule 62a have not been met, and the error must be deemed harmless.

We are not asked by the Court of Civil Appeals to pass upon the sufficiency of the petition in the present case, and consequently express no opinion upon that question.

We conclude that the certified question should be answered as follows:

Where a trial court commits an error of law in overruling a general demurrer to plaintiff's petition, the judgment should be reversed; but where the trial court commits an error of law in overruling a special exception, the petition being good as against a general demurrer, but upon the trial the judgment rendered is such that the-

plaintiff was entitled to recover upon the merits of the case, and the defendant does not show that he was surprised or otherwise injured by the improper overruling of the special exception, the judgment should be affirmed.   When given this application Rule 62a is constitutional.

BY THE SUPREME COURT.

The opinion of the Commission of Appeals answering certified questions adopted and ordered certified to the Court of Civil Appeal.

... *C. M. Cureton*, Chief Justice.