## GOODEN v. PHILLIPS.

No. 3696.

Court of Civil Appeals of Texas. El Paso.

June 30, 1938.

Rehearing Denied July 16, 1938.

T. H. Neel, of Pyote, and Hubbard & Kerr, of Pecos, for appellant.

Hudson & Hudson, of Pecos, for appellee.

HIGGINS, Justice.

Appellee brought this suit against appellant to recover a balance of $803 alleged to be the amount due as salary for the months of September, October, November and December, 1936, under an express verbal contract of hiring. Appellant answered by general and special exceptions and general denials. The exceptions were overruled, the case submitted to the jury upon special issues, and upon the answers returned judgment was rendered in plaintiff's favor for the amount sued for.

Defendant insists the petition is subject to a general demurrer because it did not allege a promise on the part of the defendant to pay the monthly salary agreed upon. The petition alleges: "That in April or May of 1936, and prior to September 1, 1936, the plaintiff was employed by the said E. B. Gooden at a salary of $300.00 per month, same being a verbal agreement and that such employment was to continue until plaintiff was discharged which was on February 8, 1937. * * * That by virtue of said agreement and employment and discharge of said duties as aforesaid, the defendant owes to the plaintiff herein the balance of Eight Hundred Three ($803.00) Dollars, which he has failed and refused to pay." While the petition does not, in so many words, aver an express promise on the part of the defendant to pay, yet the plain import and meaning of the quoted portions of the petition is that the defendant did expressly agree to pay a monthly salary of $300. The petition is sufficient as against general demurrer.

Complaint is also made of the overruling of the special exceptions. These exceptions were perhaps technically well taken and should have been sustained. But the error, if any, in overruling the same is harmless and affords no ground for reversal because the plaintiff's evidence shows he had a meritorious cause of ac-

944

tion, and it is apparent no injury resulted from the possible erroneous ruling on the special exceptions. Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822.

Other assignments complain that the evidence is insufficient to support the findings and judgment and that there is a fatal variance between the pleadings and the evidence, in that the suit is upon an express contract and the evidence shows plaintiff's right of recovery, if any, is upon quantum meruit. These assignments are overruled. The evidence is ample to support the findings and judgment, and the plaintiff's evidence is not subject to the objection of variance in the particular indicated above or otherwise.

All of the assignments presented are predicated upon a narrow interpretation of the pleadings and the effect of the evidence, and are regarded as without merit.

Affirmed.