**POUND v. POPULAR DRY GOODS CO., Inc.**

Inc.

No. 3901.

Court of Civil Appeals of Texas. El Paso.
Feb. 15, 1940.

Rehearing Denied March 14, 1940.

Second Motion Denied April 4, 1940.

342

R. E. Cunningham and William Flournoy, both of El Paso, for appellant.

Kemp, Nagle & Smith and J. M. Goggin, all of El Paso, for appellee.

WALTHALL, Justice.

Appellant here, plaintiff in the trial court, prosecutes this appeal from an adverse judgment in a suit for personal injuries sustained by his wife in operating a washing machine sold to her by an agent or representative of appellee, a retail dealer in such merchandise.

Appellant's pleading was to the effect that while appellant's wife was using the washing machine, her hand was caught between the rollers of the wringer with which the machine was equipped and her arm was thereby drawn into the wringer, inflicting the injuries of which she complains.

Appellant alleged that in making the sale of the machine appellee, by its sales agent, warranted to appellant's wife that the wringer in controversy was safe for use, in that it could be relied on to release the finger, hand or arm of the operator, should it be caught between the rollers, by merely pressing the safety release with which the machine was equipped. Appellant alleged that the safety release lever and other portions of the wringer intended to release the roller were not as warranted, but were defective, and that by reason of mechanical defects the release lever did not function and that by reason of such defect his wife's hand was drawn into the roller and injured. It is alleged that she suffered physical and mental pain and was hampered in the performance of her household duties, to her damages as alleged.

Appellee's answer contained many exceptions, general and special, not passed upon by the trial court and are waived; general denial; specially denied making any false statements or warranties in selling the machine, and denied any negligence charged; alleged that it did not make the machine or wringer; that same were made by reputable manufacturers; that safety device on the wringer has been in use many years on many models of washing machines, all of which are sold throughout the United States; denied the defective condition of the washing machine or wringer or the safety device, and alleges that it made due and proper inspection, and that no defects were apparent; that when the rollers are in motion the danger to the operator of having fingers or hands caught between the rollers are obvious, open and apparent; that with due care same can be and is operated with safety; that plaintiff's wife was negligent in feeding the clothes to the wringer and that such negligence was the proximate cause of the injuries.

The case was tried with a jury, and on the jury's verdict the court rendered judgment that plaintiff take nothing by the suit.

The court overruled appellant's motion for a new trial, to which appellant duly excepted, gave notice and prosecutes this appeal.

Opinion.

Two witnesses for appellee who had been managers for appellee in the department of the store from which the washing machine was sold, were permitted, over objection, to say, in answer to a question, that during their service as salesmen, no person to their knowledge, buying one of those machines from appellee, had ever been hurt in using one of those wringers.

Appellant complains of the admission of that statement in evidence.

Appellant refers to several cases as sustaining his contention, among them, Hill v. Hanan & Son, 62 Tex.Civ.App. 191, 131 S.W. 245; Haynes v. Plano Manufacturing Co., 36 Tex.Civ.App. 567, 82 S.W. 532; Davidson v. Swanson, Tex.Civ.App., 24 S.W.2d 776; Beckner v. Barrett, Tex.Civ. App., 81 S.W.2d 719; Waul v. Hardie, 17 Tex. 553; Adams v. Gulf, C. & Santa Fe R. Co., Tex.Civ.App., 105 S.W. 526, and others. We have carefully reviewed each of them. In each case, while the statement of the witness was similar to that of the witnesses in this case, the statement of the witness referred to some controversy other than the one then under investigation and on trial, though similar in kind. The holding in each case is to the effect that be-

fore the evidence was admitted it should be made to appear that the conditions or circumstances testified to were identical or so similar as that the proposed evidence will reasonably tend to establish the truth of the subject of inquiry. The expressions used in the above cases are to the effect: "That the other machines were identical in construction and material and were operated under identical construction and material"; "that the defendant may have expressed himself well pleased with other work * * did not conduce in any degree to prove that the work done for the defendant was executed in a workmanlike manner"; that defendant may have expressed himself well pleased with other work done by the plaintiff, "did not conduce in any degree to prove the work done for the defendant was executed in a like workmanlike manner"; "that work done for other parties was satisfactory or unsatisfactory was not relevant to any issue in the instant case"; "testimony of the witness that no ladder had ever broken with him in a tank car, and that he had never been injured by a ladder in a tank car, was inadmissible," the injury not being the exact injury complained of. Ordinarily the evidence must pertain to the identical goods involved in the pending suit. 37 Tex.Jur., page 766.

In the instant case the main contention of appellant was that the safety release failed to work on account of its defective mechanical construction. The identical machine was operated by appellant on the trial in the presence of the jury and offered evidence to sustain his theory. The witness' statement in question referred to "one of these machines from the Popular," necessarily referred to or at least embraced the identical machine in question.

In 37 Texas Jurisprudence, page 766, it is said that a seller may show that machines sold to others were satisfactory where the buyer has introduced evidence that his machine (and others) bought from the seller was unsatisfactory, and refers in the notes to McFarlin v. Elliott-Tuck, Inc., Tex.Civ.App., 71 S.W.2d 410; Elmberg Co. v. Dunlap Hardware Co., Tex.Com.App., 267 S.W. 258, affirming, Tex.Civ.App., 252 S.W. 1098; Wilson v. Avery Co., Tex. Civ.App., 182 S.W. 884, writ refused; Bell v. Mulkey, Tex.Civ.App., 248 S.W. 784.

We think the evidence was admissible. We further think this evidence was admissible as negativing the negligence alleged by plaintiff.

On cross examination of plaintiff the trial court permitted appellee to prove, over objection, that plaintiff had originally sued the Borg-Warner Corporation and the Borg-Warner Service Parts Company, the two being, respectively, the manufacturer and the distributor of the machine in question, and that the suit as to the two Borg-Warner Companies had been dismissed without prejudice.

Appellant complains of the admission of that evidence as being irrelevant and immaterial. The law furnishes no test of relevancy. It may be generally said that whatever naturally and logically tends to establish a fact in issue is relevant and that which does not is not relevant. In the practice of the courts and in the utterances of the judges none but facts having rational probative value are admissible. In our opinion the evidence was collateral and wholly independent of any issue then in the case, either to show compensation for the injury or to show liability for or abatement of damages, which compensation is as to appellee res inter alios acta with which appellee primarily and independent of any other fact or evidence in the case has no concern. However, we do not think that even if the court was in error in admitting this testimony, it is of sufficient gravity to warrant the reversal of the case. Before we are authorized to reverse on the ground of improper admission of testimony the prejudicial effect thereof must appear. In view of the explanation made in the testimony of Mr. Flournoy, attorney for appellant, as to his reasons for dismissal, we do not believe this testimony harmful. But appellee in a counter proposition points out the testimony of James Kopf to the effect that he had been the manager for some two years of the department in appellee's store in which the machines were sold; that the machines in question are manufactured by the Borg-Warner Corporation, a reputable manufacturing concern; that the wringer attachment on the washing machine comes with the washer with the same character of release, its origin and history, too lengthy to state here, stated at much length by Kopf, and sold throughout the entire country. Kopf stated in substance that he had never had complaint about these wringers and the release.

Appellant charges that appellee was negligent in making statement and representation that the machine and wringer was safe

with the safety release properly applied. We think that this testimony was admissible on the issue of negligence. It was, perhaps, incompetent to show that the machine was not defective, but that would not affect its admissibility on the issue of negligence.

In considering the issues in the entire case we have concluded that the court was not in error in admitting the evidence over the objection and in considering the liability of the appellee for the injury to appellant's wife complained of in the suit.

■ Trinity & B. V. R. Co. v. McDonald, Tex.Com.App., 208 S.W. 912, 914, an opinion by the Commission of Appeals, adopted and entered as the judgment of the Supreme Court, quotes with approval a statement in 20 R.C.L., as follows: "The common experience of mankind is the criterion for determining what customary measures shall be taken to avoid injury to others. Every one may rightfully rely upon experience, and as a rule he is not charged with negligence in respect to acts which conform to a practice which has existed for years without resulting in injury. Persons who are charged with a duty in relation to a particular matter or thing have a right to rely upon the sufficiency of a structure or contrivance such as is in common use for the purpose and which has been in fact safely used under such a variety of conditions as to demonstrate its fitness for the purpose. When a structure or appliance such as is in general use has uniformly answered the purposes for which it was designed and used under every condition supposed to be possible in the business, it cannot in reason be said that a person has not acted with ordinary prudence and sagacity in not anticipating an accident which afterwards happens in the use of the thing notwithstanding it continued substantially in the same condition all the time."

In that case a witness had testified that he had never known of any accident by reason of the open toilet. The injury to plaintiff was occasioned by a small particle of steel or other hard substance being carried by an air current through an opening in the toilet stool and striking plaintiff in the eye with sufficient force to penetrate the ball. The Railroad Company was charged with negligence in having a toilet with an opening through it. The court also quoted from Texas & P. R. Co. v. Bigham, 90 Tex. 225, 38 S.W. 162, 163, the following: "It ought not to be deemed negligent to do or to fail to do an act when it was not anticipated * * * that it would result in injury to any one. * * * It would seem that there is neither a legal nor a moral obligation to guard against that which cannot be foreseen, and under such circumstances, the duty of foresight should not be arbitrarily imputed."

We recognize that it is difficult to apply the principles recognized and applied to one given state of facts and apply the same as a precedent to another state of facts. We think, however, the principles announced above have application here; they seem to be universal under similar facts and where anticipation of results is applied.

Appellant submits other propositions not discussed. They refer, except as to one, to the admission of evidence. We have carefully reviewed them and we think they show no reversible error and are overruled.

We need not review the findings of the jury. They are in favor of appellee on issues of negligence and proximate cause.

We have found no reversible error, and the case is affirmed.

## On Motion for Rehearing or to Certify.

PRICE, Chief Justice.

Out of deference to the able and forceful motion for rehearing filed herein by appellant, we shall again endeavor to briefly restate our reasons for the prior holding.

Vigorous assault is made on our holding that the admission of the testimony of the two employees of the defendant engaged in the sale of washing machines of the character and type of the one involved here, that they had never heard of anyone being injured using such machine, was not error.

■ An act or failure to act has the quality of negligence only when injury may be anticipated therefrom. This we take to be a basic and fundamental principle as to which it is unnecessary to cite authority. Where there is a question of negligence vel non any evidence is relevant that tends reasonably either to show that injury might not or might have been anticipated from the action or nonaction in question.

■ Here the plaintiff charges defendant was negligent in failing to inspect the washing machine before deliver-

ing it to his wife for use (that is, the safety device thereon). Granted that defendant's agents failed to do so, this does not necessarily show negligence on their part in failing so to do. If there was no reasonable ground to anticipate that failure to inspect would result in injury, such failure would not constitute negligence. The two witnesses in question were experienced in a degree in the sale of washing machines of this type. It may be fairly presumed that they were in constant contact with the users thereof. If they had never heard of the safety device failing to function prior to Mrs. Pound's injury this might at least be some evidence that there was no necessity of an inspection. This, we think, also is true as to their alleged representations that the machine with the safety device could be used with safety. It was not held in the original opinion that this testimony was competent to show that the machine did not fail to function on the occasion in question. We deem it incompetent for that purpose; likewise, it was incompetent for the purpose of showing that the machine was free from defect. However, if it was admissible on the issue of negligence as alleged and submitted, the action of the court in overruling the objection was proper. Upon request the court might have limited the purpose of the testimony to the issue on these grounds of negligence. If plaintiff desired the court to do this, it was incumbent to make such request. Burrell Engineering & Const. Co. v. Grisier, 111 Tex. 477, 240 S.W. 899.

We are of the opinion, insofar as the testimony of these witnesses was based on lack of knowledge subsequent to the injury of plaintiff's wife, that the testimony was inadmissible. However, this objection was not made.

We shall again briefly discuss the question as to the effect of the erroneous admission of the testimony in relation to the dismissal of plaintiff's suit against the Borg-Warner Company. In a consideration of this question the issues involved in the case should be considered and the findings thereon. Further must be considered the nature of the testimony in relation to whether or not it was reasonably calculated to operate to the prejudice of the plaintiff.

The verdict establishes the warranty substantially as alleged by plaintiff, but finds against plaintiff on the issue of a breach of the warranty. The finding was that plaintiff's wife did not properly operate the safety device on the occasion in question. On the trial the washing machine with the safety device was exhibited before the jury. The safety device was manipulated before the jury. This device was, according to plaintiff's theory at least, in the same condition that it was at the time of the injury. The theory of the submission was that in order to recover on either the ground of warranty or of negligence, the establishment that she properly invoked the aid of the safety device, and it failed to function, was necessary. Failing to establish this, under the charges submitted she could not recover. There is no complaint made as to the charge. On this issue the testimony in question was certainly without probative effect.

The testimony admitted in the case of International Travelers' Ass'n v. Bettis, 120 Tex. 67, 35 S.W.2d 1040, was relevant and material on the vital and material issue in the case, although inadmissible. In fact it was held to be the only testimony establishing the vital issue in the case. Its admission was positively prohibited by statute as involving a transaction with the deceased. In the case of Bell v. Blackwell, Tex.Com.App., 283 S.W. 765, strongly relied upon by plaintiff, the argument there complained of was wrongful argument as to the vital issue in the case. In Bain Peanut Co. v. Pinson, Tex.Com.App., 294 S.W. 536, it was held that the improper testimony there admitted was in its nature prejudicial.

 We believe the true rule is, that in order to support the presumption of harm, the testimony wrongfully admitted must be such as is reasonably calculated to harm the complaining party.

If this is the case, Bell v. Blackwell, supra, and International Travelers' Ass'n v. Bettis, supra, apply. If the testimony erroneously admitted is not in its nature calculated to harm the complaining party, then we think Rule 62a applies.

Rule 62a: "No judgment shall be reversed on appeal and a new trial ordered in any cause on the ground that the trial court has committed an error of law in the course of the trial, unless the appellate court shall be of the opinion that the error complained of amounted to such a denial

of the rights of the appellant as was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case, or was such as probably prevented the appellant from making a proper presentation of the cause to the appellate court; and if it appear to the court that the error affects a part only of the matter in controversy, and the issues are severable, the judgment shall only be reversed and a new trial ordered as to that part affected by such error: Provided, if the erroneous action or failure or refusal of the trial judge to act shall prevent the proper presentation of a cause to the Court of Civil Appeals, and be such as may be corrected by the judge of the trial court, then the judgment shall not be reversed for such error, but the appellate court shall direct the said judge to correct the error, and thereafter the Court of Civil Appeals shall proceed as if such erroneous action or failure to act had not occurred." Golden v. Odiorne, 112 Tex. 544, 249 S.W. 822; Burrell Engineering & Const. Co. v. Grisier, supra.

We do not hold that it is necessary that it be shown that the inadmissible testimony caused the rendition of the verdict. What we do hold is that, in a case where the testimony is not of a nature reasonably calculated to prejudice the rights of the plaintiff, it must be shown that it might have affected the verdict.

A discussion of the cases on the subject of harmless error and presumed error would unduly lengthen this opinion.

As has been before stated, in our opinion, the testimony complained of is clearly irrelevant and immaterial. If irrelevant and immaterial, the prejudicial effect thereof must be in some other way than as to logical bearing on the issue involved. It is asserted that it was prejudicial in that the jury might have believed that plaintiff still had a remedy as against the Borg-Warner Company. Now the evidence of the dismissal taken in connection with the testimony of Mr. Flournoy seems to us to explain adequately why plaintiff's remedy was not prosecuted against that defendant. If the finding represents the facts, presumptively plaintiff did not have a cause of action against anybody. Had they thought she was wronged under the evidence the finding would hardly have been that she did not properly invoke the safety device.

We have given careful and painstaking consideration of appellant's motion for rehearing and adhere to our views as expressed. The motion to certify is likewise overruled. If what we have held herein conflicts with the holding of the Supreme Court, there is jurisdiction to review same.

The motions are overruled.