NO. 07-02-0088-CV



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



JUNE 27, 2002



______________________________




IN RE JOE L. LOVELL




_________________________________






Before BOYD, C.J., and DODSON and DICKENSON, RJ. (1) 

 Relator Joe L. Lovell filed this original proceeding seeking an extraordinary writ
directing the Honorable Bill Sheehan to (1) vacate the judgment and orders in the original
underlying lawsuit affecting relator, and (2) disqualify himself from conducting further
proceedings in both the underlying lawsuit and the cause of action severed from it. 
Subsequent to the filing of his petition, relator requested this court to stay all proceedings
in the trial court pending resolution of his petition. We entered an order temporarily
staying further proceedings but later, on the request of one of the other parties to the
underlying suit, partially vacated the stay so that a hearing might be held on a motion or
motions to recuse Judge Sheehan. That hearing was held, and Kelly Moore, Presiding
Judge of the Ninth Administrative Judicial Region, entered orders in both the original
cause and the severed cause recusing Judge Sheehan. 

 Writs of mandamus will issue only to correct a clear abuse of discretion or violation
of a duty imposed by law where there is no other remedy by law. Johnson v. Fourth Court
of Appeals, 700 S.W.2d 916, 917 (Tex. 1985). A remedy by appeal is not inadequate
merely because it might involve more delay or cost than a mandamus action. In re Ford
Motor Co., 988 S.W.2d 714, 721 (Tex. 1998). The burden is on the party seeking
mandamus to establish that he has no adequate remedy by appeal. In re Bay Area
Citizens Against Lawsuit Abuse, 982 S.W.2d 371, 375 (Tex. 1998). Relator has failed to
meet that burden with respect to his request that we vacate the judgment or orders in the
underlying lawsuit affecting him. First, he has failed to direct us to the specific orders that
should be vacated other than the judgment notwithstanding the verdict entered by Judge
Sheehan. Second, he has failed to show that the propriety of the judgment
notwithstanding the verdict or other orders of the trial court cannot be attacked on direct
appeal.

 As to relator's request that we order Judge Sheehan to disqualify himself from
conducting further proceedings in both the underlying original lawsuit and the severed
cause of action, he has obtained the relief he sought by virtue of the orders of recusal
entered by Judge Moore. Therefore, this issue is moot, and there is no need for us to
address it. 


 Finding that mandamus relief is not appropriate, we overrule relator's petition for 
extraordinary writ. The stay of proceedings previously entered by this court is vacated.


 Per Curiam 


Do not publish. 


 
1. Retired Justices Carlton B. Dodson and Bob Dickenson are sitting by assignment.



"false" Priority="10" SemiHidden="false"
 UnhideWhenUsed="false" QFormat="true" Name="Title"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-09-0362-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 

 FEBRUARY 4, 2011



 

 



 

 

PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, APPELLANT

 

v.

 

NATIVIDAD DELGADO, APPELLEE 



 

 



 

 FROM THE 237TH DISTRICT
COURT OF LUBBOCK COUNTY;

 

NO. 2007-541,767-A; HONORABLE SAM MEDINA, JUDGE



 

 



 

Before QUINN, C.J., and PIRTLE, J.,
and BOYD, S.J.[1]

 

 

OPINION

            This appeal
involves an analysis of the limitation of recovery of medical and health care
expenses in a personal injury cause of action imposed by the "paid or
incurred" provisions of section 41.0105 of the Texas Civil Practices and
Remedies Code.  See Tex.
Civ. Prac. & Rem. Code Ann. § 41.0105 (West 2008).[2]   Appellant,
Progressive County Mutual Insurance Company, appeals from a judgment entered in
a negligence action in favor of Appellee, Natividad Delgado, following a jury
trial.  Delgado originally filed suit
against George Brent Bailey, Jr., the driver whose tow dolly carrying an
automobile became disconnected from his vehicle and struck Delgado's pickup.  Delgado also sued his insurance carrier, Progressive,
alleging that Bailey was an underinsured motorist.  Prior to trial, Bailey's liability insurance
carrier, Safeco Insurance Company, settled Delgado's liability claim for its
policy limits, $25,000.00.  In a single
issue, Progressive contends the trial court erred in entering judgment for past
medical and health care expenses in excess of the amounts actually paid or incurred by or on behalf of Delgado.  We reverse the trial court's judgment and
render judgment that Delgado take nothing.

Background

            In December 2007, Delgado filed a
negligence suit against Bailey and Progressive seeking damages for past medical
expenses, physical pain, mental anguish, physical impairment, loss of earning
capacity, and physical disfigurement arising out of a motor vehicle accident.  In June 2009, Delgado's suit went to trial.

            At trial, counsel for both parties
stipulated that:  (1) the policy limits
for Progressive's underinsured motorist benefits were $25,055.00; (2) Delgado settled
the claims against Bailey for his policy limits of $25,000.00; and (3) Delgado
collected $2,525.00 in Personal Injury Protection ("PIP") benefits from
Progressive prior to filing suit.

            At the trial's conclusion, the jury
found Bailey negligent and awarded Delgado the following damages:    

a.         Medical care incurred in the past.

            1.         Covenant Medical Center                          $49,269.39

            2.         Lubbock
Surgical Associates                    $  1,567.00

            3.         Lubbock
Diagnostic Radiology                 $  2,043.00

            4.         Efrem S.
Alambar, M.D.                              $       89.00

b.         Past physical pain.                          .                       $13,258.00

c.         Past mental anguish.                                              $          0

d.         Past physical impairment.                                      $  5,000.00

e.         Physical disfigurement.                                          $          0

f.          Past loss of earning capacity.                                $  1,200.00

            In Delgado's motion for entry of
judgment, he calculated his recovery as follows.  First, he deducted the PIP benefits paid by
Progressive, $2,525.00, from the total jury award ($72,426.39 -- $2,525.00 =
$69,901.36).  Delgado then calculated
prejudgment interest on $69,901.36 from the date suit was filed until his
settlement with Bailey. He then added the prejudgment interest of $3,351.44 to
$69,901.36 for a total of $73,252.80. 
Delgado then deducted the Bailey settlement, $25,000.00, arriving at
$48,252.80.  Next, he calculated
prejudgment interest from the date of the Bailey settlement until the date of
entry of judgment, $1,612.83, and added that amount to $48,252.80 for a total
of $49,865.63.  Because the stipulated policy
limits were $25,055.00, Delgado asked the court for judgment awarding the policy
limits plus court costs, $793.30, or a total of $25,848.30.

            Progressive responded by filing a
cross-motion asserting that, based on the jury verdict, the undisputed
evidence, the parties' stipulation and the reductions sought by Progressive under
section 41.0105, the trial court should enter a take nothing judgment.  Progressive asserted that, of the $72,426.39
jury verdict, $52,968.39 represented an award of past expenses for medical care
while $19,458.00 represented awards for past physical pain, physical impairment,
and loss of earning capacity. 
Progressive next asserted that, under section 41.0105, the past medical
expenses actually paid or incurred on
behalf of Delgado were $4,763.77.[3]  After adding this amount, $4,763.77, to the
jury's awards for past physical pain, physical impairment, and loss of earning
capacity, $19,458.00, Progressive calculated Delgado's total collectible damages
at $24,221.77.  Progressive then asserted
that $24,221.77 was less than its offsets and/or credits, $27,525.00 ($25,000.00
settlement with Bailey + $2,525.00 in PIP expenses).  Progressive concluded that Delgado was
entitled to a take nothing judgment.

            At the hearing on the two motions, the
trial court entered as exhibits the transcripts of the testimony of three
witnesses who testified at trial before the jury and out of the jury's presence.  Denise Trejo, vendor liaison for Covenant
Health System (CHS), testified that, although Delgado's total charges were
$49,269.39, the amount actually paid by Delgado's Medicare provider, Avantra
Insurance Company, was $3,688.06.[4]  Trejo also testified that Delgado owed $265.00
in addition to Avantra's payment.  She
testified that, pursuant to CHS's contract with Medicare and Avantra, Delgado
is only required to pay $265.00 and CHS cannot go back and actively seek any
further reimbursement from Delgado for any adjustment or write-off under CHS's
agreement with Avantra.  

            Allison McClain, practice manager
for Lubbock Surgical Associates (LSA), testified that, although Delgado's total
charges were $1,634.00, the amount actually paid by Avantra on Delgado's behalf
was $672.02.  McClain also testified that
LSA accepted $672.02 as final payment pursuant to LSA's managed care agreement
with Avantra.  She also testified that
the $961.98 adjustment or write-off could not be billed back to anyone
including Delgado.  

            Joe Maddux, Chief Operating Officer
for Lubbock Diagnostic Radiology (LDR), testified that, although Delgado's total
charges were $2,043.00, the amount actually paid by Avantra was $403.60.  Maddux further testified that LDR accepted
$403.60 as payment in full and, pursuant to LDR's managed care agreement with Avantra,
the $1,639.31 adjustment or write-off could not be billed back to anyone
including Delgado.  At the hearing's
conclusion, the trial court denied Progressive's motion and adopted Delgado's
calculation of judgment.  This appeal
followed. 

Discussion

            Progressive
asserts the trial court erred in entering a judgment including past medical and
health care expenses in excess of the amounts actually paid or incurred by or
on behalf of Delgado.  We agree.

            Although the amount of damages to which a plaintiff is entitled is a question of
fact for the jury to decide, the proper measure
used to determine this amount is a question of law for the trial court. De Escabedo v. Haygood, 283 S.W.3d 3, 6
(Tex.App. --Tyler 2009, pet. granted) (citing Burrell Eng'g & Constr. Co. v. Grisier, 111 Tex. 477, 481, 240
S.W. 899, 900 (1922)).  Because
Progressive's complaint that the trial court erred in applying an improper
measure of damages is a question of law, we review the trial court's decision de novo. 
Mathews v.
Sasser, 164 S.W.3d 453, 458 (Tex.App.--Fort Worth 2005, no pet.) (citing Alamo Cmty. Coll. Dist. v. Browning Const. Co.,
131 S.W.3d 146, 161 (Tex.App.--San Antonio 2004, pet. denied).      

            The plain language of section
41.0105 provides that medical expenses subsequently written off by a health
care provider do not constitute medical expenses actually incurred by the
claimant or on his behalf where neither the claimant nor anyone acting on his
behalf will ultimately be liable for paying those expenses.  See Matbon, Inc. v. Gries, 288
S.W.3d 471, 481 (Tex.App.--Eastland 2009, no pet.); De Escabedo, 283 S.W.3d at 7-8); Mills v. Fletcher, 229 S.W.3d 765, 769 (Tex.App.--San Antonio 2007,
no pet.). See also Tate v. Hernandez, 280 S.W.3d 534,
540-41 (Tex.App.--Amarillo 2009, no pet.). 
Here, the health care providers were actually paid $4,763.77 in medical
expenses by Avantra on Delgado's behalf,[5] and there is no legal means
for the medical providers to bill back or seek reimbursement of their remaining
balances from anyone, including Delgado. 


            Accordingly, Delgado's collectible
damages total $24,221.77 ($4,763.77 in medical expenses plus $19,458.00 awarded
by the jury for past physical pain, physical impairment, and loss of earning
capacity).  Because Progressive's offsets
and/or credits, $27,525.00 subsume Delgado's collectible damages, the trial
court should have granted Progressive's motion for entry of judgment and
entered a take nothing judgment.[6]    Accordingly, Progressive's single issue is sustained.


Conclusion

            The
trial court's judgment is reversed and judgment is hereby rendered that Delgado
take nothing.   

                                                                                    Patrick
A. Pirtle

     
Justice











[1]John
T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  Tex. Gov't. Code Ann. §
75.002(a)(1) (West 2005).  





[2]Section
41.0105 of the Texas Civil Practice and Remedies Code states as follows:

In addition to
any other limitation under law, recovery of medical or health care expenses
incurred is limited to the amount actually paid or incurred by or on behalf of
the claimant.

Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 (West 2008)
(hereinafter referred to as "§ 41.0105 or "section 41.0105").





[3]Progressive
asserted that the medical expenses actually paid or incurred by or on behalf of
Delgado were as follows:

(1)  Covenant Medical Center                             $3,688.06

(2)  Lubbock Surgical Associates                       $   672.02

(3)  Lubbock Diagnostic Radiology                    $   403.69

            Total:                                                    $4,763.77





[4]Due
to a dispute with Avantra, CHS refunded to Avantra $2,258.12 of the $3,688.06
payment reducing Avantra's payment to $1,429.94.  At the time of trial, CHS was attempting to
negotiate the disputed payment with Avantra and sought to recover back the
refund, $2,258.12.  Trejo testified that
the most CHS would be paid by Avantra, if their negotiations were successful,
would be $3,688.06.  Because the
calculations in Progressive's motion assumed CHS was successful in its
negotiations and Delgado did not dispute Trejo's figures before the trial court
or on appeal, we accept, for purposes of this appeal, Avantra's original
payment of $3,688.06 as the amount actually paid on Delgado's behalf.      





[5]There
is no evidence of record that Delgado paid the $365.00 balance owing to CHS at
trial.  If he paid the balance, the
amount of the medical expenses actually paid or incurred by Delgado would
increase to $24,586.00.  This amount is
also subsumed by Progressive's offsets and/or credits totaling $27,525.00.





[6]Although
Progressive's judgment calculations failed to account for pretrial interest, we
find that the amount of prejudgment interest would also be subsumed by this
offset.