# NO. 12-07-00130-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARGARITA GARZA DE ESCABEDO,*<br>*APPELLANT* | § | *APPEAL FROM THE 217TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT OF* |
| *AARON GLENN HAYGOOD,*<br>*APPELLEE* | § | *ANGELINA COUNTY, TEXAS* |

### *OPINION*

Margarita Garza de Escabedo appeals a judgment entered against her in a lawsuit filed by Aaron Glenn Haygood. Escabedo raises four issues on appeal. We reverse in part and conditionally affirm in part.

### BACKGROUND

Haygood filed a lawsuit against Escabedo for injuries he sustained in an automobile collision caused by Escabedo. Before trial, Escabedo sought by written motion to exclude "any evidence or testimony of any amount of medical or health care bills in excess of the amount actually paid or incurred by or on behalf of [Haygood]." Escabedo argued that such an exclusion was required by section 41.0105 of the Texas Civil Practice and Remedies Code, which she asserted "limited recoverable medical care expenses to 'amounts actually paid or incurred by or on behalf of the claimant.'"[1] She stated in her motion that

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105 (Vernon 2008).

> [e]vidence relating to an improper measure of damages is irrelevant and constitutes no evidence[.]
>
> . . . .
>
> The only evidence Plaintiff [Haygood] has concerning medical care expenses is the testimony of his treating physicians, Dr. Tomaszek and Dr. Kobza, and medical billing records affidavits. However, Dr. Tomaszek and numerous of the medical billing records affidavits readily admit that the bills have been adjusted downward, and the facilities have . . . written off portions of those bills. Because any testimony or record regarding the total amount billed addresses an incorrect measure of damages, such testimony or record is irrelevant and inadmissible.

This motion was denied by the trial court before trial, as was a second oral motion for rehearing on the matter.[2]

Haygood also filed a pretrial motion to exclude, moving to exclude "evidence of, and offsets for, collateral sources." In short, Haygood argued that evidence that an insurance company had made any payments to his medical care providers, or that a provider had reduced any portion of its bill, should be excluded from the evidence allowed at trial. The trial court granted this motion before trial.

At trial, Haygood was allowed to present evidence to the jury that his medical providers billed him a total of $110,069.12 for his medical care. No evidence of any reductions in these bills was allowed. This was so even though it is uncontested that the portion of these bills paid by Medicare was only $14,482.02 and that the total amount for which Haygood was still liable was only $13,292.41. The remaining $82,294.69 had been written off by Haygood's providers as adjustments required by Medicare.[3]

The jury returned a verdict finding Escabedo negligent and assessing Haygood's past medical care expenses at $110,069.12, the full amount presented at trial by Haygood. Haygood subsequently filed a written motion requesting that the trial court enter a judgment awarding this amount. In response, Escabedo timely filed a written motion for judgment non obstante veredicto, arguing that

---

[2] The clerk's record does not include a written order denying Escabedo's initial motion. However, it is clear from the reporter's record that the trial court denied this motion.

[3] Haygood states in his brief that, "[i]n [his] Statement of the Case, and Facts[,] he has concurred with [Escabedo] as to [the] accuracy of the total medical expenses, the amounts still owed and the amounts paid by Medicare." *See* TEX. R. APP. P. 38.1(g) (formerly TEX. R. APP. P. 38.1(f)).

Haygood had presented "[e]vidence relating to an improper measure of damages . . . ."[4] As such, Escabedo argued that this evidence was "irrelevant and constitute[d] no evidence." After holding a hearing on these motions, the trial court signed a judgment awarding past medical care expenses in the full amount presented at trial. This appeal followed.

**LEGAL SUFFICIENCY**

In her fourth issue, Escabedo asserts that the evidence of past medical care expense damages presented by Haygood at trial "related to the incorrect measure of damages." She states that section 41.0105 of the Texas Civil Practice and Remedies Code "created a new measure of damages with respect to the recovery of medical or health care expenses." Escabedo argues that "[e]vidence relating to an improper measure of damages is irrelevant and constitutes no evidence [of damages.]" According to Escabedo, "[b]ecause the evidence admitted and considered by the jury related to the incorrect measure of damages, there [was] no evidence supporting the jury verdict or the trial court's judgment with respect to past medical care expenses."

**Standard of Review**

The *amount* of damages to which a plaintiff is entitled is a question of fact for the jury to decide. *Burrell Eng'g & Constr. Co. v. Grisier*, 111 Tex. 477, 481, 240 S.W. 899, 900 (1922); *Galveston, Harrisburg & San Antonio R.R. Co. v. Le Gierse*, 51 Tex. 189, 204 (1879). However, the proper *measure* used to determine this amount is a question of law for the trial court. *Le Gierse*, 51 Tex. at 204; *see Jackson v. Fontaine's Clinics, Inc.*, 499 S.W.2d 87, 90 (Tex. 1973). It is the role of the trial court to allow the admission of evidence related to the proper measure of damages, and to exclude, upon objection, evidence unrelated to this measure. *See Fid. & Deposit Co. of Md. v. Stool*, 607 S.W.2d 17, 24 (Tex. Civ. App.–Tyler 1980, no writ); *see also* TEX. R. EVID. 402. In doing so, the trial court "limit[s] the jury's consideration to facts that are properly a part of the damages allowable." *Allied Vista, Inc. v. Holt*, 987 S.W.2d 138, 141 (Tex. App.–Houston [14th Dist.] 1999, pet. denied).

---

[4] Escabedo's motion for judgment non obstante veredicto is contained in her "Response to Plaintiff's Motion for Judgment." In her briefing, Escabedo asserts that she failed to file a motion for judgment non obstante veredicto and that this failure was not error. However, it is also clear from Escabedo's briefing that she did actually file the motion.

We may set aside a verdict as based on legally insufficient evidence only if the evidence at trial would not enable reasonable and fair-minded people to reach the verdict under review. *See City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005). In analyzing the legal sufficiency of the evidence to support damages, a jury's verdict will be upheld if it is within the range of the evidence at trial regarding the amount of damages incurred. *See Cont'l Dredging, Inc. v. De-Kaizered, Inc.*, 120 S.W.3d 380, 392 (Tex. App.–Texarkana 2003, pet. denied); *State Farm Fire & Cas. Co. v. Rodriguez*, 88 S.W.3d 313, 321 (Tex. App.–San Antonio 2002, pet. denied). Where damages evidence does not relate to the amount of damages sustained under the proper measure of damages, that evidence is both irrelevant and legally insufficient to support a judgment. *See Porras v. Craig*, 675 S.W.2d 503, 504-05 (Tex. 1984); *Matheus v. Sasser*, 164 S.W.3d 453, 463 (Tex. App.–Fort Worth 2005, no pet.).

**Section 41.0105**

In determining the proper measure of damages in this case, we must first address the interpretation of section 41.0105 of the Texas Civil Practice and Remedies Code. Section 41.0105 reads as follows:

> **Evidence Relating to Amount of Economic Damages**
>
> In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.

TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105 (Vernon 2008). The legislature enacted this statute in 2003 as a part of tort reform legislation. *See Matbon, Inc. v. Gries*, No. 11-06-00258-CV, 2009 WL 94310, at *4 (Tex. App.–Eastland Jan. 15, 2009, no pet. h.). By its express terms, section 41.0105 limits the recovery of medical care expenses incurred "to the amount *actually* paid or incurred by or on behalf of the claimant." *See id.*, at *5 (emphasis added). The word "actually" is the operative term of the statute. *See id.* It is an adverb that modifies both "paid" and "incurred." *See id.* Therefore, the statute limits the recovery of medical care expenses to the amount actually paid or actually incurred by or on behalf of the claimant. *See id.*

Section 41.0105 does not simply provide for the recovery of the amounts initially incurred by the claimant. *See id.* Instead, it limits the recovery to the amounts actually incurred by the claimant or on his behalf. *See id.* Amounts that a health care provider subsequently "writes off" its

4

bill do not constitute amounts actually incurred by the claimant or on his behalf because neither the claimant nor anyone acting on his behalf will ultimately be liable for paying these amounts. *See id.*

**Analysis**

As its title reflects, section 41.0105, as a measure of damages, not only limits the amount of damages recoverable, but also affects the relevance of evidence offered to prove damages. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105; *see also Porras*, 675 S.W.2d at 504-05; *Stool*, 607 S.W.2d at 24. *But see Irving Holdings, Inc. v. Brown*, No. 05-06-01654-CV, 2009 WL 18713, at *4-6 (Tex. App.–Dallas Jan. 5, 2009, no pet. h.)(applying section 41.0105 at a different stage in proceedings); *Gore v. Faye*, 253 S.W.3d 785, 789-90 (Tex. App.–Amarillo 2008, no pet.)(affirming trial court's decision to exclude defendant evidence of subsequent adjustments to medical bills). As such, medical bills reflecting only the amount "initially incurred," and understood by the trial court and the parties to omit evidence of the amount "actually incurred," are irrelevant and should be excluded at trial. *See Porras*, 675 S.W.2d at 504-05; *Stool*, 607 S.W.2d at 24; *Matheus*, 164 S.W.3d at 463; *Holt*, 987 S.W.2d at 141. Further, where improperly admitted, such evidence is legally insufficient in relation to the correct measure of damages, the amount actually paid or incurred by or on behalf of the claimant. *See Porras*, 675 S.W.2d at 504-05; *Matheus*, 164 S.W.3d at 463.

Here, it is undisputed that "there were no admitted medical bills reflecting any actual payments." *Cf.* TEX. R. APP. P. 38.1(g) (formerly TEX. R. APP. P. 38.1(f)). It is also undisputed that "[t]he only portion of the record which reflects actual payments is the offer of proof [Escabedo] made in the trial court." *Cf. id.* Therefore, there was no direct evidence before the jury of the amount actually paid or actually incurred by or on behalf of Haygood. Instead, the evidence showed only the amount initially incurred by Haygood. Consequently, the evidence was legally insufficient to support the jury's verdict awarding past medical care expense damages. We sustain Escabedo's fourth issue.

**CONCLUSION**[5]

_____

[5] In her remaining three issues, Escabedo asserts that the trial court reversibly erred by admitting Haygood's evidence related to past medical care expenses, by excluding Escabedo's evidence of the adjusted amount of medical care expense damages, and by entering a judgment for medical care expense damages in excess of the amount actually paid or incurred. Because resolution of these issues is unnecessary to the final disposition of this appeal, we

We ordinarily render judgment after sustaining a legal sufficiency issue. *See **Texarkana Mem'l Hosp., Inc. v. Murdock***, 946 S.W.2d 836, 841 (Tex. 1997). Here, there is legally insufficient evidence to support the entire award of past medical care expense damages; but the admitted medical bills were more than a scintilla of evidence to support at least some of those damages awarded. *See **id.*** As such, we would generally reverse the judgment of the trial court and remand this case for a new trial. *See **id.*** However, based on the undisputed facts before us, we may suggest a proper voluntary remittitur. *See **Guevara v. Ferrer***, 247 S.W.3d 662, 670 (Tex. 2007).

Because it is undisputed that $82,294.69 has been written off by Haygood's providers as adjustments required by Medicare, we suggest a remittitur in that amount. *See* TEX. R. APP. P. 46.3. If a remittitur is timely filed within fifteen (15) days from the date of this opinion, the trial court's judgment as to liability will be affirmed, its judgment as to "actual damages" will be reformed and affirmed in the amount of $62,274.43, and its judgment as to pre-judgment interest will be reversed and remanded for recalculation.[6] *See **Collins & Aikman Floorcoverings, Inc. v. Thomason***, 256 S.W.3d 402, 414 (Tex. App.–San Antonio 2008, pet. denied). If a remittitur is not timely filed, the trial court's judgment will be reversed and the case remanded for a new trial. *See **id.***

    BRIAN HOYLE    
Justice

Opinion delivered February 18, 2009.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(PUBLISH)

---

do not address them. *See* TEX. R. APP. P. 47.1.

[6] The trial court's judgment awarded Haygood $144,569.12 in what it termed "actual damages." This amount included Haygood's past medical care expense damages. The reformed judgment for $62,274.43 includes all past medical care expense damages surviving remittitur, plus all other damages categorized as "actual damages" in the trial court's judgment. These other "actual damages" have not been challenged on appeal.