NO. 07-09-0362-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

FEBRUARY 4, 2011

_____


PROGRESSIVE COUNTY MUTUAL INSURANCE
COMPANY, APPELLANT

v.

NATIVIDAD DELGADO, APPELLEE

_____


FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2007-541,767-A; HONORABLE SAM MEDINA, JUDGE

_____


Before QUINN, C.J., and PIRTLE, J., and BOYD, S.J.[1]


**OPINION**

This appeal involves an analysis of the limitation of recovery of medical and health care expenses in a personal injury cause of action imposed by the "paid or incurred" provisions of section 41.0105 of the Texas Civil Practices and Remedies

---

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't. Code Ann. § 75.002(a)(1) (West 2005).

Code.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 (West 2008).[2]  Appellant, Progressive County Mutual Insurance Company, appeals from a judgment entered in a negligence action in favor of Appellee, Natividad Delgado, following a jury trial.  Delgado originally filed suit against George Brent Bailey, Jr., the driver whose tow dolly carrying an automobile became disconnected from his vehicle and struck Delgado's pickup.  Delgado also sued his insurance carrier, Progressive, alleging that Bailey was an underinsured motorist.  Prior to trial, Bailey's liability insurance carrier, Safeco Insurance Company, settled Delgado's liability claim for its policy limits, $25,000.00.  In a single issue, Progressive contends the trial court erred in entering judgment for past medical and health care expenses in excess of the amounts *actually paid or incurred* by or on behalf of Delgado.  We reverse the trial court's judgment and render judgment that Delgado take nothing.

## Background

In December 2007, Delgado filed a negligence suit against Bailey and Progressive seeking damages for past medical expenses, physical pain, mental anguish, physical impairment, loss of earning capacity, and physical disfigurement arising out of a motor vehicle accident.  In June 2009, Delgado's suit went to trial.

---

[2]Section 41.0105 of the Texas Civil Practice and Remedies Code states as follows:

> In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.

Tex. Civ. Prac. & Rem. Code Ann. § 41.0105 (West 2008) (hereinafter referred to as "§ 41.0105 or "section 41.0105").

At trial, counsel for both parties stipulated that: (1) the policy limits for Progressive's underinsured motorist benefits were $25,055.00; (2) Delgado settled the claims against Bailey for his policy limits of $25,000.00; and (3) Delgado collected $2,525.00 in Personal Injury Protection ("PIP") benefits from Progressive prior to filing suit.

At the trial's conclusion, the jury found Bailey negligent and awarded Delgado the following damages:

| | | | |
|---|---|---|---|
| a. | Medical care incurred in the past. | | |
| | 1. | Covenant Medical Center | $49,269.39 |
| | 2. | Lubbock Surgical Associates | $ 1,567.00 |
| | 3. | Lubbock Diagnostic Radiology | $ 2,043.00 |
| | 4. | Efrem S. Alambar, M.D. | $ 89.00 |
| b. | Past physical pain. . | | $13,258.00 |
| c. | Past mental anguish. | | $ 0 |
| d. | Past physical impairment. | | $ 5,000.00 |
| e. | Physical disfigurement. | | $ 0 |
| f. | Past loss of earning capacity. | | $ 1,200.00 |

In Delgado's motion for entry of judgment, he calculated his recovery as follows. First, he deducted the PIP benefits paid by Progressive, $2,525.00, from the total jury award ($72,426.39 -- $2,525.00 = $69,901.36). Delgado then calculated prejudgment interest on $69,901.36 from the date suit was filed until his settlement with Bailey. He then added the prejudgment interest of $3,351.44 to $69,901.36 for a total of $73,252.80. Delgado then deducted the Bailey settlement, $25,000.00, arriving at

$48,252.80. Next, he calculated prejudgment interest from the date of the Bailey settlement until the date of entry of judgment, $1,612.83, and added that amount to $48,252.80 for a total of $49,865.63. Because the stipulated policy limits were $25,055.00, Delgado asked the court for judgment awarding the policy limits plus court costs, $793.30, or a total of $25,848.30.

Progressive responded by filing a cross-motion asserting that, based on the jury verdict, the undisputed evidence, the parties' stipulation and the reductions sought by Progressive under section 41.0105, the trial court should enter a take nothing judgment. Progressive asserted that, of the $72,426.39 jury verdict, $52,968.39 represented an award of past expenses for medical care while $19,458.00 represented awards for past physical pain, physical impairment, and loss of earning capacity. Progressive next asserted that, under section 41.0105, the past medical expenses *actually paid or incurred* on behalf of Delgado were $4,763.77.[3] After adding this amount, $4,763.77, to the jury's awards for past physical pain, physical impairment, and loss of earning capacity, $19,458.00, Progressive calculated Delgado's total collectible damages at $24,221.77. Progressive then asserted that $24,221.77 was less than its offsets and/or credits, $27,525.00 ($25,000.00 settlement with Bailey + $2,525.00 in PIP expenses). Progressive concluded that Delgado was entitled to a take nothing judgment.

---

[3]Progressive asserted that the medical expenses actually paid or incurred by or on behalf of Delgado were as follows:

| | | |
|---|---|---|
| (1) Covenant Medical Center | | $3,688.06 |
| (2) Lubbock Surgical Associates | | $ 672.02 |
| (3) Lubbock Diagnostic Radiology | | $ 403.69 |
| Total: | | $4,763.77 |

4

At the hearing on the two motions, the trial court entered as exhibits the transcripts of the testimony of three witnesses who testified at trial before the jury and out of the jury's presence. Denise Trejo, vendor liaison for Covenant Health System (CHS), testified that, although Delgado's total charges were $49,269.39, the amount actually paid by Delgado's Medicare provider, Avantra Insurance Company, was $3,688.06.[4] Trejo also testified that Delgado owed $265.00 in addition to Avantra's payment. She testified that, pursuant to CHS's contract with Medicare and Avantra, Delgado is only required to pay $265.00 and CHS cannot go back and actively seek any further reimbursement from Delgado for any adjustment or write-off under CHS's agreement with Avantra.

Allison McClain, practice manager for Lubbock Surgical Associates (LSA), testified that, although Delgado's total charges were $1,634.00, the amount actually paid by Avantra on Delgado's behalf was $672.02. McClain also testified that LSA accepted $672.02 as final payment pursuant to LSA's managed care agreement with Avantra. She also testified that the $961.98 adjustment or write-off could not be billed back to anyone including Delgado.

Joe Maddux, Chief Operating Officer for Lubbock Diagnostic Radiology (LDR), testified that, although Delgado's total charges were $2,043.00, the amount actually paid by Avantra was $403.60. Maddux further testified that LDR accepted $403.60 as

---

[4]Due to a dispute with Avantra, CHS refunded to Avantra $2,258.12 of the $3,688.06 payment reducing Avantra's payment to $1,429.94. At the time of trial, CHS was attempting to negotiate the disputed payment with Avantra and sought to recover back the refund, $2,258.12. Trejo testified that the most CHS would be paid by Avantra, if their negotiations were successful, would be $3,688.06. Because the calculations in Progressive's motion assumed CHS was successful in its negotiations and Delgado did not dispute Trejo's figures before the trial court or on appeal, we accept, for purposes of this appeal, Avantra's original payment of $3,688.06 as the amount actually paid on Delgado's behalf.

payment in full and, pursuant to LDR's managed care agreement with Avantra, the $1,639.31 adjustment or write-off could not be billed back to anyone including Delgado. At the hearing's conclusion, the trial court denied Progressive's motion and adopted Delgado's calculation of judgment. This appeal followed.

**Discussion**

Progressive asserts the trial court erred in entering a judgment including past medical and health care expenses in excess of the amounts actually paid or incurred by or on behalf of Delgado. We agree.

Although the *amount* of damages to which a plaintiff is entitled is a question of fact for the jury to decide, the proper *measure* used to determine this amount is a question of law for the trial court. *De Escabedo v. Haygood,* 283 S.W.3d 3, 6 (Tex.App. --Tyler 2009, pet. granted) (citing *Burrell Eng'g & Constr. Co. v. Grisier*, 111 Tex. 477, 481, 240 S.W. 899, 900 (1922)). Because Progressive's complaint that the trial court erred in applying an improper measure of damages is a question of law, we review the trial court's decision *de novo. Mathews v. Sasser*, 164 S.W.3d 453, 458 (Tex.App.--Fort Worth 2005, no pet.) (citing *Alamo Cmty. Coll. Dist. v. Browning Const. Co.*, 131 S.W.3d 146, 161 (Tex.App.--San Antonio 2004, pet. denied).

The plain language of section 41.0105 provides that medical expenses subsequently written off by a health care provider do not constitute medical expenses actually incurred by the claimant or on his behalf where neither the claimant nor anyone acting on his behalf will ultimately be liable for paying those expenses. *See Matbon, Inc. v. Gries,* 288 S.W.3d 471, 481 (Tex.App.--Eastland 2009, no pet.); *De Escabedo,*

283 S.W.3d at 7-8); *Mills v. Fletcher*, 229 S.W.3d 765, 769 (Tex.App.--San Antonio 2007, no pet.). *See also Tate v. Hernandez,* 280 S.W.3d 534, 540-41 (Tex.App.--Amarillo 2009, no pet.). Here, the health care providers were actually paid $4,763.77 in medical expenses by Avantra on Delgado's behalf,[5] and there is no legal means for the medical providers to bill back or seek reimbursement of their remaining balances from anyone, including Delgado.

Accordingly, Delgado's collectible damages total $24,221.77 ($4,763.77 in medical expenses plus $19,458.00 awarded by the jury for past physical pain, physical impairment, and loss of earning capacity). Because Progressive's offsets and/or credits, $27,525.00 subsume Delgado's collectible damages, the trial court should have granted Progressive's motion for entry of judgment and entered a take nothing judgment.[6] Accordingly, Progressive's single issue is sustained.

## Conclusion

The trial court's judgment is reversed and judgment is hereby rendered that Delgado take nothing.

Patrick A. Pirtle
Justice

---

[5]There is no evidence of record that Delgado paid the $365.00 balance owing to CHS at trial. If he paid the balance, the amount of the medical expenses actually paid or incurred by Delgado would increase to $24,586.00. This amount is also subsumed by Progressive's offsets and/or credits totaling $27,525.00.

[6]Although Progressive's judgment calculations failed to account for pretrial interest, we find that the amount of prejudgment interest would also be subsumed by this offset.