NO. 07-11-00133-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

FEBRUARY 22, 2012

---

JUDITH M. HENDERSON, APPELLANT

v.

TIMOTHY WAYNE SPANN
& AMANDA SPANN, APPELLEES

---

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-549,365; HONORABLE LESLIE HATCH, JUDGE

---

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

**OPINION**

Judith M. Henderson appeals the trial court's judgment awarding Timothy Wayne Spann and Amanda Spann damages in connection with a motor vehicle accident. Among her other contentions, Henderson argues that the trial court erroneously admitted evidence of unadjusted medical bills. In light of recent controlling authority, we reverse and remand for a new trial.

Factual and Procedural History

In September 2009, the vehicle Henderson was driving collided with a motorcycle driven by Mr. Spann, an off-duty police officer. Mr. Spann suffered significant injuries to his groin and lower back. The Spanns brought suit, and a Lubbock County jury found that Henderson's negligence was the proximate cause of Mr. Spann's injuries.

The jury awarded $267,542.42 to Mr. Spann to compensate him for past and future physical pain and mental anguish, lost wages, past and future physical impairment, and past and future medical expenses. The jury also awarded $60,000 to Mrs. Spann to compensate her for loss of consortium and loss of household services of Mr. Spann. Included in the jury's verdict were damages in the amount of $69,583.20 to compensate Mr. Spann for past medical expenses. This figure represents the amount reflected by unadjusted medical bills introduced into evidence over Henderson's objection.

The propriety of the admission of evidence of these unadjusted medical bills remains an issue on appeal. The admitted medical bills did not reflect $54,379.56 in adjustments and write-offs associated with worker's compensation, evidence of which Henderson unsuccessfully offered. Acknowledging, post-verdict, that the law only allowed the Spanns to recover the amount of past medical expenses that were "actually paid or incurred," the trial court adjusted the award of past medical expenses to reflect

2

only the portion of the medical bills that were recoverable: $15,203.64. See TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105 (West 2008).[1]

Despite the trial court's post-verdict reduction of damages for past medical expenses, on appeal, Henderson challenges the trial court's instructions to the jury regarding the proper measure of damages. She also challenges the trial court's admission of unadjusted medical bills, its exclusion of adjusted medical expenses, and the sufficiency of the evidence to support the jury's awards of future medical expenses and of losses of services and consortium. Because we will sustain Henderson's second and third issues, we will reverse and remand the matter to the trial court for new trial.

Admission of Unadjusted Medical Bills

We first address Henderson's second and third issues, both of which relate to the trial court's evidentiary rulings. Henderson argues the trial court abused its discretion by admitting evidence of the unadjusted medical bills and, likewise, abused its discretion by excluding evidence of the adjusted medical expenses. Resolution of this evidentiary issue turns on the interpretation and application of section 41.0105 and the Texas Supreme Court's opinion in Haygood, issued after Henderson and Spann filed their initial briefs. See Haygood v. De Escabedo, 54 Tex. Sup. Ct. J. 1377, 2011 Tex. LEXIS 514 (July 1, 2011).

---

[1] Section 41.0105, in its entirety, provides as follows:

In addition to any other limitation under law, recovery of medical or health care expenses incurred is limited to the amount actually paid or incurred by or on behalf of the claimant.

Id. Hereinafter, we will refer to this provision simply as section 41.0105.

To most accurately apply Haygood, we must first visit the Tyler Court's opinion in De Escabedo v. Haygood, 283 S.W.3d 3 (Tex.App.—Tyler 2009), aff'd, 54 Tex. Sup. Ct. J. 1377.  In De Escabedo, the Tyler Court was asked to review a similar evidentiary dispute relating to evidence of unadjusted medical bills.  See id. at 5–6.  De Escabedo argued that the unadjusted medical bills were irrelevant to and, therefore, no evidence of damages.  Id.  Ultimately, the Tyler Court agreed, concluding that, per section 41.0105, evidence of unadjusted medical bills was inadmissible evidence and, therefore, there was no evidence to support the jury's award of past medical expenses.  See id. at 7.  The Tyler Court sustained De Escabedo's legal sufficiency challenge, and Haygood sought review from the Texas Supreme Court.

The Texas Supreme Court pointed out that intermediate appellate courts had agreed that section 41.0105 limits *recovery* of past medical expenses to those expenses actually paid or incurred.[2]  See Haygood, 2011 Tex. LEXIS 514, at *20.  What had remained unclear, until Haygood, was the effect of section 41.0105 on the admissibility of evidence at trial.  The Haygood court held that section 41.0105 "limits recovery, and consequently the evidence at trial, to expenses that the provider has a legal right to be paid."[3]  Id. at *1–2.  So, contrary to the Spanns' position, section

_____

[2] The Texas Supreme Court explains that it, too, had previously held as such in Daughters of Charity Health Servs. of Waco v. Linnstaedter, 226 S.W.3d 409, 412 (Tex. 2007).  See Haygood, 2011 Tex. LEXIS 514, at *18–19.  The Haygood court defined "actually paid or incurred" as "expenses that have been or will be paid, and excludes the difference between such amount and charges the service provider bills but has no right to be paid."  See id. at *17.

[3] The jury is still precluded from hearing evidence regarding *who* ultimately pays to the provider these recoverable expenses.  Traditionally, the common law collateral source rule "precludes any reduction in a tortfeasor's liability because of benefits

4

41.0105 does have evidentiary impact: "Since a claimant is not entitled to recover medical charges that a provider is not entitled to be paid, evidence of such charges is irrelevant to the issue of damages." Id. at *21 (citing TEX. R. EVID. 402). Further, "any relevance of such evidence is substantially outweighed by the confusion it is likely to generate, and therefore the evidence [of unadjusted medical bills] must be excluded." Id. at *22 (citing TEX. R. EVID. 403).

Based on Haygood's holdings, we conclude that the evidence at issue here–Mr. Spann's unadjusted medical bills–was irrelevant and inadmissible. See id. at *21–22. Admitting such evidence and excluding evidence of the *adjusted* medical expenses was an abuse of discretion. See id. We must now determine whether the error associated with the trial court's evidentiary rulings is reversible error.[4] See Interstate Northborough

---

received by the plaintiff from someone else." Id. at *10. Haygood's holding that only the adjusted medical expenses are admissible on the issue of damages does not run afoul of the collateral source rule: "Consistent with our views in Daughters of Charity, we hold that the common-law collateral source rule does not allow recovery as damages of medical expenses a health care provider is not entitled to charge." Id. at *15. Instead, the collateral source rule still applies to the adjusted medical expenses; the jury cannot know if plaintiff or another entity paid the adjusted, recoverable amounts. See id. at *26 (concluding that the jury should not be told that the adjusted recoverable amounts will be covered in whole or in part by insurance).

[4] We pause to note the distinction between the issue presented to the Tyler Court in De Escabedo and the issue presented in the case to this Court. In De Escabedo and, subsequently, in Haygood, the ultimate issue was legal sufficiency of the evidence whereas, in the instant case, the issue is presented to us as an evidentiary issue. Prior to affirming the Tyler Court's determination of legal sufficiency, however, Haygood does directly address the same evidentiary issue as is before us. That said, we follow Haygood's guidance in determining the propriety of the trial court's evidentiary rulings, but we must go on to examine any error in those rulings for harm. Because the issues presented to the Tyler Court and this Court are slightly different, we note this distinction only to illuminate the reason we, unlike the De Escabedo and the Haygood courts, must analyze the particular error raised here for harm.

5

P'ship v. State, 66 S.W.3d 213, 220 (Tex. 2001); Good v. Baker, 339 S.W.3d 260, 273 (Tex. App.—Texarkana 2011, pet. denied).

Harm Analysis and Post-Verdict Adjustment

A successful challenge to a trial court's evidentiary rulings generally requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. Tex. Dep't of Transp. v. Able, 35 S.W.3d 608, 617 (Tex. 2000). From Haygood, we learn that only evidence of "recoverable" medical expenses–those "actually paid or incurred"–was relevant to damages. See Haygood, 2011 Tex. LEXIS 514, at *25. Here, such evidence would have been the adjusted medical expenses that were ultimately excluded from evidence in favor of the admitted unadjusted medical bills, evidence of which should have been excluded as irrelevant to damages for past medical expenses. See id. at *21. The admission of irrelevant evidence and exclusion of relevant evidence, then, meant that the jury's verdict was based on insufficient evidence of damages for past medical expenses. See id. at *22.

Moreover, without evidentiary support in the record, the trial court's judgment based on that verdict, even though modified post-verdict, remains erroneous. "Irrelevant evidence, even when admitted without objection, will not support a judgment." Porras v. Craig, 675 S.W.2d 503, 505 (Tex. 1984). It follows, then, that when, as a consequence of the trial court's evidentiary rulings, there is no evidence of past medical expenses, a judgment awarding past medical damages is improper. See TEX. R. APP. P. 44.1(a).

6

The Spanns contend that, even if section 41.0105 does have any evidentiary impact and even if admission of the unadjusted medical bills was error, Henderson cannot show harm because the trial court ultimately reduced the jury's award of past medical expenses to reflect the adjustments and write-offs. Based on principles in Haygood, we disagree with their position that post-verdict adjustment can cure the harm in admitting irrelevant evidence, excluding relevant evidence, and, ultimately, permitting the jury's verdict to be based on insufficient evidence of medical expenses "actually paid or incurred." We understand the Haygood court to reject the post-verdict adjustment procedure used in the instant case.[5] See Haygood, 2011 Tex. LEXIS 514, at *24–25 (citing Texarkana Mem. Hosp. v. Murdock, 946 S.W.2d 836, 838 (Tex. 1997), for proposition that issues of medical expenses as related to plaintiff's injuries must be determined by jury). The Haygood court added that permitting the trial court to resolve disputed fact issues relating to damages violates the constitutional right to trial by jury. Id. at *25. Further, we note that the post-verdict adjustment method is inadequate to account for or remedy any effect the inadmissible evidence of unadjusted past medical expenses may have had on the jury's assessment of non-economic damages. See id. at *22.

With that, the trial court's erroneous evidentiary rulings in conjunction with its post-verdict adjustment of the amount of past medical expenses probably caused the rendition of an improper judgment. See TEX. R. APP. P. 44.1(a). As a result of the trial

_____

[5] Justice Lehrmann's dissenting opinion, joined by Justice Medina, proposed that the post-verdict adjustment procedure is an adequate mechanism to implement section 41.0105's limitation. See Haygood, 2011 Tex. LEXIS 514, at *44 (Lehrmann, J., dissenting).

court's evidentiary rulings, the judgment, even as adjusted, is based on what amounts to no evidence, and the post-verdict adjustment itself serves as a deprivation of the constitutional right to trial by jury. We conclude that the error in the trial court's evidentiary rulings was reversible error.

Based on Haygood's principles, we conclude that the trial court abused its discretion by admitting irrelevant evidence in the form of unadjusted medical expenses and excluding relevant evidence in the form of adjusted medical bills demonstrating the amounts "actually paid or incurred" by or on behalf of the Spanns. We conclude that the erroneous admission of irrelevant evidence and the concurrent exclusion of relevant evidence probably caused the rendition of an improper judgment. The effect of the trial court's evidentiary rulings was to leave before it only legally insufficient evidence to support its judgment, and Haygood reaffirms the principle that it is the jury, not the trial court, who should make the factual determinations relating to damages, a conclusion which represents the Texas Supreme Court's rejection of the post-verdict adjustment method of implementing section 41.0105. Based on these conclusions, we sustain Henderson's second and third issues relating to the trial court's evidentiary rulings. See Haygood, 2011 Tex. LEXIS 514, at *25–26.

Conclusion

Having sustained Henderson's second and third issues, we reverse the trial court's judgment and remand the cause to the trial court for new trial.  <u>See</u> TEX. R. APP. P. 43.2(d); 43.3.


Mackey K. Hancock
Justice


Quinn, C.J., concurring in part and dissenting in part.

Pirtle, J., concurring.