**Reverse and Remand; Opinion Filed July 9, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01581-CV

### LARRY DEROME ADLEY, Appellant
### V.
### KEVIN WAYNE PRIVETT, Appellee

**On Appeal from the 416th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause No. 416-00299-2010**

## MEMORANDUM OPINION

Before Justices FitzGerald, Fillmore, and Evans
Opinion by Justice Evans

Larry Derome Adley appeals a judgment rendered against him after a jury trial in a negligence lawsuit filed by Kevin Wayne Privett. Among other things, Adley complains the trial court reversibly erred in admitting certain medical bills into evidence and the evidence was legally insufficient to support the jury's award of past medical expenses. After reviewing the record, we agree. We therefore reverse the trial court's judgment and remand the cause for a new trial.

### BACKGROUND

Privett filed a personal injury action against Adley after the motorcycle he was operating collided with a motor vehicle driven by Adley. The case was tried to a jury which made liability and damage findings in favor of Privett. The jury awarded Privett damages for past and future physical pain and mental anguish, past and future loss of earning capacity, past and future

physical impairment, and past medical expenses. The trial court rendered judgment on the jury verdict. Adley perfected this appeal.

## ANALYSIS

In his first issue, Adley challenges the legal sufficiency of the evidence to support the jury's award for past medical expenses of $44,568.07. In his second related issue, Adley contends the trial court's admission of medical bills that included charges not actually paid or actually incurred by Privett constituted harmful error. We agree with Adley for the reasons set forth below.

At trial, Privett introduced, over Adley's objections, three bills to support his claim for past medical expenses: (1) an unadjusted bill from Parkland Hospital containing $27,454.21 in unpaid charges; (2) an invoice from PHI Air Medical for $12,983 in charges with "Adjustments" of $12,983 and a notation "Writeoff to Collections" that resulted in a zero balance; and (3) a "Patient Receipt" from Lake Pointe Orthopaedics Association listing $10,866.51 in charges, various adjustments for payments and writeoffs, and a balance of $991.21 "SENT TO Barlow Collections," leaving a final balance of zero. Privett also offered affidavits from each provider that the charges billed were reasonable and the services necessary. Additionally, the trial court admitted into evidence a summary of Privett's medical costs listing $12,983 for the PHI Air bill, $27,454.21 for the Parkland bill, and $4,130.86 for the Lake Pointe bill.[1] The total listed on the medical cost exhibit is the exact amount the jury awarded Privett for past medical expenses.

Section 41.0105 of the civil practice and remedies code limits a claimant's recovery of medical expenses to those which have been or must be paid by or for the claimant. TEX. CIV. PRAC. & REM. CODE ANN. § 41.0105 (West 2008); *Haygood v. De Escabedo*, 356 S.W.3d 390,

---

[1] With respect to the Lake Pointe bill, Privett argued to the court and the jury that he sought only the amount remaining after the listed writeoffs were applied.

398 (Tex. 2012). Moreover, only evidence of recoverable medical expenses is admissible at trial. *Haygood*, 356 S.W.3d at 399. The burden is on the claimant to produce evidence from which the jury may reasonably infer the amount of recoverable medical expenses. *See id.*

Here, at least two of the medical bills Privett submitted as evidence did not establish the amounts charged by the providers were actually paid by or incurred by or on behalf of Privett. The unadjusted hospital bill shows only what Privett was billed. Similarly, the PHI Air bill provided no evidence of the amount actually paid or incurred by or on behalf of Privett. "Since a claimant is not entitled to recover medical charges that a provider is not entitled to be paid, evidence of such charges is irrelevant to the issue of damages." *Id*. at 398. The Lake Pointe bill contained writeoffs that arguably established what amount had been or must be paid by or on behalf of Privett. But it is undisputed that the bill also contained charges for unrecoverable amounts as well as insurance payments and writeoffs in violation of the collateral source rule. *See id*. at 399–400. In short, the bills admitted to support the jury's award of past medical expenses were either no evidence of the amount actually paid or actually incurred by or on behalf of Privett or were improperly admitted because they contained charges that Privett conceded were not recoverable. Moreover, the admission of bills containing charges that were not recoverable probably caused rendition of an improper judgment because, as a consequence of the trial court's evidentiary rulings, there was no evidence of past medical expenses. *See* TEX. R. APP. P. 44.1(a); *Henderson v. Spann*, 367 S.W.3d 301, 304–05 (Tex. App.—Amarillo 2012, pet. denied). In addition, the inadmissible evidence of unadjusted past medical expenses could have had an impact on the jury's assessment of non-economic damages. *See Henderson*, 367 S.W.3d at 305.

In reaching our conclusion, we necessarily reject Privett's contention that Adley failed to preserve his legal sufficiency and evidentiary complaints for appellate review. To preserve a

legal sufficiency challenge for appeal after a jury trial, an appellant must: (1) move for an instructed verdict, (2) move for a judgment notwithstanding the verdict, (3) object to the submission of the jury question, (4) move to disregard the jury finding or (5) move for a new trial. *See Cecil v. Smith*, 804 S.W.2d 509, 510–11 (Tex. 1991). With respect to his contention that evidence of past medical expenses was legally insufficient, Adley preserved his complaint by objecting to the jury charge damage element "reasonable expenses for necessary care in the past," reurging under *Haygood* that there was "no relevant evidence to support any past lost medical." Adley also filed a motion for new trial arguing among other things, there was no evidence of reasonable expenses of medical care in the past. Accordingly, Privett's contention that Adley waived his legal sufficiency complaint is not well taken.

We further conclude Adley's complaints regarding the admissibility of the three medical bills were also preserved for our review. The record reveals that after Privett offered these bills into evidence, the trial court asked if there were any objections. Adley's counsel responded yes, noted some of the exhibits may have changed since they were first provided to her, and requested to see them. Privett's attorney then requested a sidebar discussion. After the discussion, the trial court overruled Adley's objections and admitted the bills. When Privett requested permission to publish the exhibits to the jury, Adley asked to present objections to the exhibits outside the presence of the jury. The trial court granted Adley's request and heard the objections without the jury present. Adley then objected to all three bills based on the holding of *Haygood,* arguing only evidence of recoverable medical expenses is admissible at trial. He also contended Privett did not meet his burden of establishing that nothing had been written off on the Parkland bill, that the PHI Air bill reflected writeoffs resulting in a zero balance and that the Lake Pointe bill contained charges that were not recoverable and therefore inadmissible. The record reflects that Adley objected to the bills before they were admitted and that before they were published to the

–4–

jury the trial court heard and denied his objections to admissibility based on *Haygood*. We therefore conclude that Adley properly preserved these complaints for appeal. *See* TEX. R. APP. P. 33.1. We resolve Adley's first and second issues in his favor. In light of our disposition of Adley's first and second issues, we need not address his remaining issues. *See* TEX. R. APP. P. 47.1.

Here, as in *Haygood*, there is no legally sufficient evidence to support the total award of past medical expenses, even though there is more than a scintilla of evidence to support some of the damages awarded. *Garza de Escabedo v. Haygood*, 283 S.W.3d 3, 7–8 (Tex. App.—Tyler 2009), *aff'd sub nom.*, *Haygood v. De Escabedo*, 356 S.W.3d 390 (Tex. 2012). Unlike *Haygood*, however, the record before us does not contain undisputed evidence about the total amount of required insurance writeoffs applicable to the medical providers' charges. *Id*. at 8. Accordingly, rather than suggest a voluntary remittitur as the court of appeals did in *Haygood*, we reverse the judgment of the trial court and remand this cause for a new trial. *See* TEX. R. APP. P. 44.1(b).

/David Evans/

DAVID EVANS

121581F.P05

JUSTICE

–5–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LARRY DEROME ADLEY, Appellant

No. 05-12-01581-CV      V.

KEVIN WAYNE PRIVETT, Appellee

On Appeal from the 416th Judicial District Court, Collin County, Texas
Trial Court Cause No. 416-00299-2010
Opinion delivered by Justice Evans, Justices FitzGerald and Fillmore participating.

     In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for a new trial.

     It is **ORDERED** that appellant Larry Derome Adley recover his costs of this appeal from appellee Kevin Wayne Privett.

Judgment entered this 9th day of July, 2014.