Opinion filed November 3, 2022



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00122-CV

_____

## IN THE INTEREST OF J.H. AND K.H., CHILDREN

**On Appeal from the 326th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 10045-CX**

### M E M O R A N D U M   O P I N I O N

This is an appeal from an order entered by the trial court terminating the parental rights of the mother and the father to their children, J.H and K.H. *See* TEX. FAM. CODE ANN. § 161.001 (West 2022). The mother (Appellant) appeals in four issues: (1) asserting that the trial court erred in admitting evidence of drug test results, (2) claiming that without the drug test results the evidence was insufficient to show she endangered the children, (3) challenging the sufficiency of the evidence to support the termination of her parental rights, and (4) alleging that termination was not in the best interest of the children. We affirm the trial court's order.

## I. *Termination Findings and Standards*

The termination of parental rights must be supported by clear and convincing evidence. FAM. §§ 161.001(b), 161.206(a), (a-1). To terminate one's parental rights under Section 161.001, it must be shown by clear and convincing evidence that the parent has committed one of the acts listed in Section 161.001(b)(1)(A)–(U) and that termination is in the best interest of the child. FAM. § 161.001(b)(1). In this case, the trial court found that Appellant had committed three of the acts listed in Section 161.001(b)(1)—those found in subsections (D), (E), and (O). Specifically, the trial court found that Appellant had knowingly placed or knowingly allowed the children to remain in conditions or surroundings that endangered the children's physical or emotional well-being. *See id.* § 161.001(b)(1)(D). The trial court also found that Appellant had engaged in conduct or knowingly placed the children with persons who engaged in conduct that endangered the children's physical or emotional well-being. *See id.* § 161.001(b)(1)(E). Finally, the trial court found that Appellant failed to comply with the provisions of a court order that specifically established the actions that Appellant needed to take to obtain the return of her children. *See id.* § 161.001(b)(1)(O). Ultimately, the trial court found that termination of Appellant's parental rights would be in the best interest of the children. *See id.* § 161.001(b)(2).

To determine if the evidence is legally sufficient in a parental termination case, we review all of the evidence in the light most favorable to the finding and determine whether a rational trier of fact could have formed a firm belief or conviction that its finding was true. *In re J.P.B.*, 180 S.W.3d 570, 573 (Tex. 2005). To determine if the evidence is factually sufficient, we give due deference to the finding and determine whether, on the entire record, a factfinder could reasonably form a firm belief or conviction about the truth of the allegations against the parent. *In re C.H.*, 89 S.W.3d 17, 25–26 (Tex. 2002). We note that the trial court is the sole

arbiter of the credibility and demeanor of witnesses. *In re A.B.*, 437 S.W.3d 498, 503 (Tex. 2014) (citing *In re J.L.*, 163 S.W.3d 79, 86–87 (Tex. 2005)).

With respect to the best interest of a child, no unique set of factors need be proved. *In re C.J.O.*, 325 S.W.3d 261, 266 (Tex. App.—Eastland 2010, pet. denied). But courts may use the non-exhaustive Holley factors to shape their analysis. *Holley v. Adams*, 544 S.W.2d 367, 371–72 (Tex. 1976). These include, but are not limited to, (1) the desires of the child, (2) the emotional and physical needs of the child now and in the future, (3) the emotional and physical danger to the child now and in the future, (4) the parental abilities of the individuals seeking custody, (5) the programs available to assist these individuals to promote the best interest of the child, (6) the plans for the child by these individuals or by the agency seeking custody, (7) the stability of the home or proposed placement, (8) the acts or omissions of the parent that may indicate that the existing parent–child relationship is not a proper one, and (9) any excuse for the acts or omissions of the parent. *Id.* Additionally, evidence that proves one or more statutory grounds for termination may also constitute evidence illustrating that termination is in the child's best interest. *C.J.O.*, 325 S.W.3d at 266.

## II. *Procedural and Factual Background*

At issue in this appeal are the parental rights of Appellant to her children, J.H. and K.H.—who at the time of trial were ten years old and seven years old, respectively. The Department of Family and Protective Services became involved with J.H. in June 2020 due to his behavioral issues. Appellant was unable to control J.H., and she asked for help from the Department because she was struggling to get the resources she needed to support J.H. during the pandemic. J.H. was ultimately removed from Appellant's home and placed in a residential treatment center (RTC). The trial court ordered Appellant to comply with the requirements of her family

service plan. She was generally compliant except for her use of marihuana as demonstrated by positive drug test results.

Following an allegation that drugs were being used in Appellant's home, the Department conducted drug testing on K.H. After K.H. tested positive for marihuana two separate times (several months apart), the Department removed K.H. from Appellant's home and placed her in foster care. Appellant was again court-ordered to comply with the provisions of a family service plan, but the Department case manager indicated that this time Appellant was not as successful. The case manager testified that several of Appellant's drug tests were positive, that Appellant failed to provide a list of medical prescriptions, and that she did not attend all scheduled appointments, did not complete a substance assessment, did not complete weekly Narcotics Anonymous (NA) classes, did not comply with refraining from bleaching or coloring her hair, did not maintain employment, and did not notify the case manager of changes in a timely manner. Appellant admitted to changing employers but denied that she failed to notify the case manager about these changes. Appellant also explained that because she has no prescription for her back pain, she self-medicates using CBD—either by smoking it or eating "gummies."

The Department approved a monitored return of the children to Appellant in 2021. J.H. returned in June 2021, and K.H. returned in August 2021. The case manager testified that Appellant was compliant with her services in both June and August 2021. However, the monitored return ended in October 2021 when J.H., K.H., and Appellant all tested positive for marihuana. After the monitored return ended, J.H. returned to RTC and K.H. returned to foster care.

The case manager for the Department testified that during the monitored return, J.H. was again having behavioral issues. He had quit taking the medication prescribed to him. Appellant claimed that this was because J.H. refused the medication, not because she neglected to give it to him. However, after the

4

monitored return, J.H.'s behaviors improved upon his return to RTC, and he began taking his medication consistently.

Appellant maintained at trial that her children tested positive due to "passive exposure." According to the case manager, Appellant continued to test positive for marihuana and did not utilize many of the services offered to her. Appellant testified that she last smoked marihuana about two or three months before trial. She also admitted at trial that her nephew lived with her and that he smokes marihuana.

The case manager testified that both children were doing well in school, and the court-appointed special advocate (CASA) for both children testified that they were doing very well in their respective placements. Appellant continued to participate in in-person visits with both children, only missing when she was sick or traveling. Appellant testified that she and the children have fun during the visits and that the children miss her when she is not with them. When J.H. was informed that Appellant's parental rights could be terminated, J.H. was extremely upset and hurt by this. Appellant testified that K.H. likes her foster home but also wants to come home.

The Department requested that the trial court terminate Appellant's parental rights. Both the CASA representative and the case manager for the Department testified that the termination of Appellant's parental rights would be in the best interest of J.H. and K.H. At the time of trial, the Department's plan for J.H. was for him to remain in RTC and, once released, to be placed in foster care. The Department's plan for K.H. at the time of trial was for her to be adopted by her foster parents.[1]

---

[1]We note that evidence presented at a hearing on Appellant's motion for new trial revealed that the Department's plan for the children changed after the termination hearing and that the subsequent plan was for the children to be adopted by or placed permanently with Appellant's sister.

III. *Analysis*

## A. *Evidentiary Ruling*

In Appellant's first issue, she contends that the trial court erred when it admitted into evidence the drug test results of J.H., K.H., and Appellant at trial. The drug test results were admitted into evidence as exhibits under the business records exception to the hearsay rule. *See* TEX. R. EVID. 803(6), 902(10). Appellant objected to the admission of these exhibits, arguing that they contain information outside the scope of the hearsay exception for business record affidavits. The trial court overruled Appellant's objections to the exhibits and admitted them into evidence.

Attached to each of the complained-of exhibits in this case was an affidavit by the custodian of records of Texas Alcohol and Drug Testing Service. The affidavits pertained to hair, nail, urine, and oral fluid testing. The affidavits indicate that "strict chain of custody procedures" were utilized and that the testing was performed by a certified scientist utilizing GC/MS (gas chromatography/mass spectrometry) instruments and reviewed by a licensed medical review officer. The affidavits generally track the language of Rule 803(6), which sets out the requirements for the hearsay exception for records of regularly conducted business activity, and Rule 902(10), which sets out the requirements for authentication purposes of an affidavit that accompanies business records. *See* TEX. R. EVID. 803(6), 902(10). The affidavits attached to the complained-of exhibits in this case provide information regarding the chain of custody, the testing procedures, and the qualifications of the analysts. The pages of the exhibits that show the "Test Results" were signed by the medical doctor that was the certified medical review officer for the tests.

The exhibits constitute an exception to the hearsay rule, and nothing in the record indicates that they lack trustworthiness. *See* TEX. R. EVID. 803(6). We hold that the trial court did not abuse its discretion in admitting the exhibits over

6

Appellant's hearsay objections. *See F.C. v. Tex. Dep't of Fam. & Protective Servs.*, No. 03-19-00625-CV, 2020 WL 101998, at *5–6 (Tex. App.—Austin Jan. 9, 2020, no pet.) (mem. op.); *In re E.B.*, No. 11-19-00001-CV, 2019 WL 3955974, at *3 (Tex. App.—Eastland Aug. 22, 2019, no pet.) (mem. op.); *In re Z.N.M.*, No. 14-17-00650-CV, 2018 WL 358480, at *6 (Tex. App.—Houston [14th Dist.] Jan. 11, 2018, no pet.) (mem. op.); *In re A.T.*, No. 2-04-355-CV, 2006 WL 563565, at *4 (Tex. App.—Fort Worth Mar. 9, 2006, pet. denied) (mem. op.).

Moreover, even if Appellant is correct in her contention that the trial court abused its discretion in admitting the exhibits, we have held—as did the courts of appeals in *A.D.H.–G* and *K.C.P.*—that the error, if any, in the admission of the drug-test results was harmless. *See In re E.B.*, No. 11-19-00001-CV, 2019 WL 3955974, at *4 (Tex. App.—Eastland Aug. 22, 2019, no pet.) (mem. op.); *In re A.D.H.–G.*, No. 12-16-00001-CV, 2016 WL 3182610, at *6 (Tex. App.—Tyler June 8, 2016, no pet.) (mem. op.); *In re K.C.P.*, 142 S.W.3d 574, 580–81 (Tex. App.—Texarkana 2004, no pet.); *see also* TEX. R. APP. P. 44.1(a)(1) (judgment may not be reversed unless the error probably caused the rendition of an improper judgment). In this case, other evidence at trial indicated that Appellant—during a monitored return with the children—was self-medicating for pain with CBD by eating gummies or smoking and that she would routinely allow the children to play outside where marihuana was commonly being used. Appellant also admitted at trial that she had smoked marihuana as recently as "two or three months" before the trial. Evidence that Appellant's children tested positive for marihuana was admitted without objection during the trial—by Appellant during her own testimony. Appellant confirmed that her nephew had been watching her children while she was at work and that he had also been "using." We note that, to support a finding that Appellant endangered J.H. and K.H., Appellant's offending conduct did not have to be directed at them, nor did they actually have to suffer an injury. *See In re J.O.A.*, 283 S.W.3d

7

336, 345 (Tex. 2009). Thus, we conclude that any error in the admission of the exhibits containing J.H.'s, K.H.'s, and Appellant's drug-test results was harmless. We overrule Appellant's first issue.

### B. *Endangering Conduct*

In Appellant's second issue, she challenges the findings made by the trial court under Section 161.001(b)(1)(D) and (E). We must address a parent's challenge to a trial court's findings under subsection (D) or (E) because of the potential consequences of these findings to the parent's rights to a different child. *See In re N.G.*, 577 S.W.3d 230, 234–35 (Tex. 2019) (addressing due process and due course of law with respect to appellate review of grounds (D) and (E) and holding that an appellate court must provide a detailed analysis if affirming the termination on either of these grounds).

Under subsection (D), termination is permitted when the parent has "knowingly placed or knowingly allowed the child to remain in conditions or surroundings which endanger the physical or emotional well-being of the child." FAM. § 161.001(b)(1)(D). The relevant time frame for evaluating this ground is before the removal of the child or during a monitored return, as the endangering conditions must be experienced by the child, not anticipated. *See In re J.W.*, 645 S.W.3d 726, 749 (Tex. 2022). "The suitability of a child's living conditions and the conduct of parents or others in the home are relevant to a Subsection (D) inquiry." *Id.* (citing *In re R.S.-T.*, 522 S.W.3d 92, 108–09 (Tex. App.—San Antonio 2017, no pet.)).

Under subsection (E), the relevant inquiry is whether evidence exists that the endangerment of the child's well-being was the direct result of the parent's conduct, including acts, omissions, or failures to act. *In re D.O.*, 338 S.W.3d 29, 34 (Tex. App.—Eastland 2011, no pet.). Additionally, termination under subsection (E) must be based on more than a single act or omission; a voluntary, deliberate, and

conscious course of conduct by the parent is required. *In re D.T.*, 34 S.W.3d 625, 634 (Tex. App.—Fort Worth 2000, pet. denied); *In re K.M.M.*, 993 S.W.2d 225, 228 (Tex. App.—Eastland 1999, no pet.). The offending conduct need not be directed at the child, nor does the child actually have to suffer an injury. *J.O.A.*, 283 S.W.3d at 345. With respect to the sufficiency of the evidence to support a finding under subsection (E), "endangering conduct is not limited to actions directed towards the child." *Id.* (citing *Tex. Dep't of Human Servs. v. Boyd*, 727 S.W.2d 531, 533 (Tex. 1987)).

The record shows that Appellant's children were endangered as a direct result of her conduct and because of their environment. Both children tested positive for marihuana in October 2021 while under Appellant's care during a monitored return. This was the third time K.H. tested positive for marihuana, and the first time J.H. tested positive. K.H. had previously tested positive while living with Appellant in August 2020 and March 2021. Appellant continued to allow the children to play outside even though she smelled marihuana in the area and saw others smoking. "Every park" has people smoking there "every time" they go, Appellant testified. When asked why she did not leave these areas when she knew people were smoking marihuana, Appellant responded that the children wanted to play at the park. Additionally, Appellant allowed her nephew to care for the children while she worked. She later permitted him to live with her, despite knowing that he uses marihuana. Nothing in the record suggests that either child had ever been prescribed low-THC cannabis. *See* FAM. § 161.001(c)(4).

Based on the evidence presented, the trial court could have reasonably found by clear and convincing evidence that Appellant had allowed the children to remain in conditions or surroundings that endangered their physical or emotional well-being and that she had engaged in a course of conduct that endangered J.H. and K.H. *See J.O.A.*, 283 S.W.3d at 345. The evidence is legally and factually sufficient to uphold

9

the trial court's findings under subsections (D) and (E). Accordingly, we overrule Appellant's second issue. Because only one statutory ground is necessary to support termination and because we have upheld the trial court's finding as to subsections (D) and (E), we need not address Appellant's third issue in which she challenges the finding as to subsection (O). *See* FAM. § 161.001(b)(1); *N.G.*, 577 S.W.3d at 234–35; *see also* TEX. R. APP. P. 47.1.

### C. Best Interest

In Appellant's fourth issue, she challenges the sufficiency of the evidence to support the trial court's finding that termination of parental rights would be in the best interest of J.H. and K.H.

The evidence referenced shows that, despite the Department's previous efforts to assist Appellant to appropriately parent the children, she failed to do so. Clear and convincing evidence demonstrated that placing them in a home with Appellant would create a risk of danger to J.H. and K.H. Even while this case was pending below, Appellant continued to use marihuana and to place her children in environments where marihuana was present, causing the children to test positive. The permanency case manager and the CASA representative testified that it would be in the children's best interest to terminate the parental rights of Appellant.

The trial court, as the trier of fact, is the sole judge of the witnesses' credibility. *A.B.*, 437 S.W.3d at 503. In light of the deference to be given the trial court in this regard, the evidence presented at trial, and the *Holley* factors, we conclude that the trial court could reasonably have formed a firm belief or conviction that termination of Appellant's parental rights would be in the best interest of J.H. and K.H. *See Holley*, 544 S.W.2d at 371–72. Upon considering the record as it relates to the emotional and physical needs of the children now and in the future, the emotional and physical danger to the children now and in the future, the desires of the children, the plans for the children by the Department, and Appellant's continued

exposure of her children to marihuana, we hold that the evidence is legally and factually sufficient to support the trial court's finding that termination of Appellant's parental rights is in the best interest of J.H. and K.H. *See id.* We defer to the trial court's findings as to the children's best interest, *see C.H.*, 89 S.W.3d at 27, and we cannot hold in this case that the trial court's findings as to best interest are not supported by clear and convincing evidence. Accordingly, we overrule Appellant's fourth issue.

<h2 style="text-align:center">IV. <em>This Court's Ruling</em></h2>

We affirm the order of the trial court.


W. BRUCE WILLIAMS

JUSTICE


November 3, 2022

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.